promissory note for $6,400, payable on demand to the order of the defendant, who was cashier of the Pawling National Bank; that the defendant promised and agreed to use the note for the purpose of paying and taking up three promissory notes of the plaintiff which were then lying in the bank overdue; that relying upon that promise he delivered the note to the defendant, who fraudulently diverted the note from the purpose for which it was so delivered, and procured it to be discounted, and used the proceeds thereof for his own benefit; that by reason of the false and fraudulent representations so made by the defendant, and the diversion of the note for $6,400, the plaintiff has been damaged in that amount, for which he claims judgment. The defendant in his answer denied that the note was made or delivered to him to pay or take up the three notes mentioned, or any other notes, and also denied that he promised or agreed to use the said note to pay or take up such notes. On the contrary, the defendant alleged that the plaintiff made and delivered the $6,400 note to the bank, and that the plaintiff was at that time indebted to the bank in the amount for which that note was given, for checks paid by the bank for him, for money loaned to him, and for interest thereon, and that the said $6,400 note was delivered by the plaintiff to the bank for said indebtedness, and was duly credited to the plaintiff on the books of the bank as it was agreed with the plaintiff that it should be at the time when that note was delivered. The defendant also denied that he ever made any false or fraudulent representations to the plaintiff or that he fraudulently or otherwise used the proceeds of the said note, or diverted it from the uses and purposes for which it was given. The case came on for trial at the Circuit, and at the close of the plaintiff's testimony, a motion was made in behalf of the defendant to dismiss the complaint, on the ground that the plaintiff had proved no cause of action against the defendant. The motion was granted, and the complaint was dismissed, and from the judgment of dismissal the plaintiff has appealed to this court. The only issue which was presented by the pleadings was, whether the plaintiff delivered the $6,400 note to the defendant to take up the notes then held by the bank, and whether the defendant fraudulently diverted it from that purpose, and had it discounted and used the proceeds thereof for his own use and benefit. The record contains no evidence to show that the note was ever delivered by the plaintiff to the defendant, but, on the contrary, the plaintiff himself stated that he delivered the note to either Mr. Haight, the teller, or Mr. Tabor, the bookkeeper, of the bank, and as it was so delivered, either to the teller or the bookkeeper, it was in the eye of the law delivered to the bank. It was, therefore, to the bank and not to the defendant that the plaintiff delivered his note. It does not appear in any way that the defendant ever took it from the possession of the bank, or ever had it in his possession. There is sufficient in the case to show that the note was given by the plaintiff for his indebtedness to the bank upon his overdue paper and interest thereon, which was then lying in the bank The note shows on its face that certain stocks were given as collateral security for its payment and the day after the note was delivered to the bank, plaintiff gave his mortgage on property he owned in Connecticut to secure the payment of his note and other notes, which he admits and states in the mortgage he owes to the bank. It is entirely plain that the plaintiff proved no cause of

action against the defendant, and the complaint was properly dismissed. Judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

Julia Kammerer, Respondent, v. The Brooklyn Elevated Railroad Company, Appellant. —Judgment affirmed, with costs. No opinion. All concur.

George Waldie, Respondent, v. The Brooklyn Elevated Railroad Company, Appellant.— Judgment affirmed, with costs.—

PRATT, J.: This is a land damage suit or action for loss of fee and rental value, in respect of premises on Adams street, in the city of Brooklyn. The defendant's railroad was constructed and commenced to be operated in 1888. The premises consisted of a three-story and basement brick building, with brownstone trimmings, thirty-five feet deep by twenty and one-half feet front; lot fifty feet deep. The motions made in this case, to send it to the Circuit for trial, or to stay the suit until the damages were ascertained by commissioners, were properly overruled. (See opinion in the case of Hart and others against the same defendants, decided at this General Term, *ante*, p. 259.) There is no merit in the exception to the answer of the witness, who testified that the cinders and dust turned the house black. It was more a fact than an opinion; at any rate the court could not have been misled to the prejudice of the defendant; such matters are largely in thhe discretion of the court, and where the case is tried before the court without a jury, there is less chance of a decision being made erroneous by the testimony, whether it comes in the form of an opinion or conclusion, or stated as a mere fact. As to the amount of damages, we think there is evidence sufficient to support the conclusion arrived at by the judge who tried the case, and even if the damages were more we should find we would not be justified in reversing the judgment, which was based upon a trial by a judge who saw the witnesses, and heard them testify, and could better judge of their truthfulness, fairness and judgment than we can. We cannot see that there can be any objection as to the form of the judgment. It appears plainly enough that the court has assessed the damages upon the evidence. What it decided was the extent to which the property was depreciated by interference with the light and air and access to the premises. The amount of damages was a mere fact, which the court has found. We think the judgment should be affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

Hester A. Tompkins, Respondent, v. William A. Tompkins and Another, Appellants.— Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the court. The action was tried at the Circuit before a jury, and a verdict rendered in favor of the plaintiff for $500. The defendants are the son and daughter-in-law of the plaintiff. Upon the cross-examination of the plaintiff the fact was disclosed that the defendants had executed two promissory notes to the plaintiff for the indebtedness upon which this action is based, one note for $500 and one note for $450, and that sometime afterward, when the plaintiff was sick, she delivered the notes to her son, one of the defendants, for safe-keeping. After her recovery the plaintiff demanded the notes of the defendants, but they were not returned. They were subsequently destroyed in a fire at the dwelling house of the defendants, to their knowledge. So the ground upon which the motion to dismiss the complaint was based had slid from