PATRICK HART, Respondent, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY and THE UNION ELEVATED RAILROAD COMPANY, Appellants.

GEORGE WALDIE, Respondent, *v.* SAME APPELLANTS.

MARY ANN WRIGHT, Respondent, *v.* SAME APPELLANTS.

STEPHEN RYDER, Respondent, *v.* SAME APPELLANTS.

*Elevated railroad — damages for easements taken by it and an injunction — when an action therefor will not be stayed or sent to the Circuit for trial.*

In an action brought against an elevated railroad company to recover damages because of the defendants' having deprived the plaintiff of light and air and depreciated in value the plaintiff's property by the building and operating of a railroad in the street fronting plaintiff's premises, and for equitable relief by an injunction restraining a continuing trespass, a motion was made to send the case to the Circuit or for a stay of proceedings until the determination of con-, demnation proceedings.

The railroad had been built and operated about eight years and no move had been made by it to acquire the easements in the street until after the commencement of the action.

*Held,* that the long delay was a sufficient cause to justify the plaintiff in seeking relief, and under all the circumstances the court at Special Term properly denied the motion.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from an order of the Supreme Court, granted at the Kings County Special Term and entered in the office of the

clerk of the county of Kings on the 4th day of January, 1895, denying the defendants' motion to stay each and all of said actions pending condemnation proceedings and to send the claims for damages to the Circuit Court.

*William H. Page, Jr.,* for the appellants.

*Stephen M. Hoye* and *Francis R. Whitney,* for the respondent.

PRATT, J.:

These actions were for damages for depriving the plaintiffs of light and air, and depreciating in value the plaintiffs' property by the building and operating of a railroad in the street fronting plaintiffs' premises.

Under all the circumstances the court at Special Term was justified in denying defendants' motion. The complaint asked for equitable relief by an injunction restraining a continuing trespass.

From an examination of the pleadings it cannot be said that the case does not come under the head of equitable jurisdiction. It is a familiar rule that a court of equity once having obtained jurisdiction it can dispose of all the issues in the case and give such relief as the facts warrant. It is true that the practice formerly was to send such cases before a commission and to stay the cases until the coming in of the report of such commission; and it was within the power of the court to have taken such course with these cases, but, we think, it was discretionary whether to do so or not.

The railroad has been built and operated about eight years, and no move had been made by the defendants to acquire the easements in the street until after the commencement of these suits.

This long delay was a sufficient cause to justify the plaintiffs in seeking relief and the court in denying the motion. Notwithstanding the demand of the defendants, the remedy of going before a commission, it is plain, does not furnish as speedy or as adequate relief as an immediate hearing before the court.

There have been many cases like these in the last few years, but I have been referred to none or heard of none where a similar one has been dismissed as not within the powers of a court of equity to entertain. Had the defendants sought under the statute to acquire

the right, the court would have probably stayed the suits until such proceedings were completed, but the plaintiffs having first commenced suit, jurisdiction attached, and the motions were properly denied.