ERASTUS B. SEARLES, Respondent, *v.* MANHATTAN RAILWAY COMPANY, Appellant.

*It seems* that where, in an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appears that the injuries were occasioned by one of two causes, for one of which defendant is responsible, but not for the other, plaintiff must fail if the evidence does not show that the injury was the result of the former cause; if under the testimony it is just as probable that it was caused by the one as the other, he cannot recover.

(Argued February 3, 1886; decided March 2, 1886.)

THIS action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff was riding upon a car on the street under defendant's elevated road, in the city of New York, when a hot cinder fell from a locomotive passing overhead, and struck him in the eye.

The following is the *mem.* of opinion:

" There was sufficient evidence to show that the plaintiff's eye was injured by a cinder lodged therein; that the cinder came from a locomotive upon defendant's railway, and that the plaintiff was free from contributory negligence. But there was an utter failure of evidence to show that the accident occurred from any fault, negligence or unskillfulness on the part of the defendant. The defendant had the right to operate its railway over the street by steam, and to generate steam by the use of coal, and any damage necessarily caused by the careful and skillful exercise of its lawful rights could impose no obligation upon it. To maintain his action, therefore, the plaintiff was bound to give evidence legitimately tending to show that the

damage to his eye was caused in consequence of some negligence or unskillfulness chargeable to the defendant.

"The undisputed evidence shows that all the appliances used upon defendant's locomotives to prevent the escape of sparks and cinders were skillfully made and were the best known. There was no evidence that any of such appliances were defective or out of order. On the contrary, the proof tended to show that they were in order. The mere proof of the escape of cinders was not sufficient, as the evidence showed that their escape could not be avoided and was inevitable. According to the proof cinders from one of defendant's locomotives could come only from the smoke-stack or ash-pan. There is no claim that the defendant is liable for this accident if the cinder came from the smock-stack; but the claim is that it came from the ash-pan because it was out of repair. But there was no evidence that the ash-pan was out of repair, or that the cinder came from it. When the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must fail also if it is just as probable that they were caused by the one as by the other, as the plaintiff is bound to make out his case by the preponderance of evidence. The jury must not be left to mere conjecture, and a bare possibility that the damage was caused in consequence of the negligence and unskillfulness of the defendant is not sufficient.

"The judgment should, therefore, be reversed, and a new trial ordered, costs to abide event."

*Edward S. Rapallo* for appellant.

*Lewis J. Morrison* for respondent.

EARL, J., reads for reversal and new trial.

All concur, except DANFORTH, J., dissenting, and RAPALLO, J., taking no part.

Judgment reversed.