### DETERMINED IN THE

# SECOND DEPARTMENT

#### AT

## GENERAL TERM

### December, 1887.

---

TYLER McNAIER, APPELLANT, v. THE MANHATTAN RAILWAY COMPANY, RESPONDENT.

*Action to recover damages for injuries sustained by being struck by a hot coal falling from an engine — when the company is bound to give proof as to the condition of its engine.*

Upon the trial of this action, brought by the plaintiff to recover damages for injuries sustained by being struck by a hot coal falling from an engine on the defendant's road, it appeared that the plaintiff, while walking along Sixth avenue, in the middle of the block, between Twentieth and Twenty-first streets, stopped to look up at a train of the defendant's passing over head, and that as the engine passed he was hit over the eye by a clinker or cinder about the size of a pigeon's egg, some half-inch broad and somewhat longer, which was' so very hot as to burn the plaintiff. Proof was also given tending to show that a locomotive engine, properly constructed and kept in repair in respect to a wire netting calculated to prevent the escape of cinders and ashes from the ash-pan, would cast out no such pieces of red-hot cinders.

*Held,* that the plaintiff was entitled to go to the jury, and that the court erred in granting a motion made by the defendant to dismiss the complaint.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint made at the Westchester circuit.

The action was brought to recover damages for an injury sustained by the plaintiff, alleged to have been the result of the falling of a clinker or coal from an engine of the defendant.

*Joseph S. Wood and Isaac N. Mills,* for the appellant.

*Edward S. Rapallo,* for the respondent.

BARNARD, P. J.:

The proof made out a sufficient case to go to the jury. The plaintiff was a bookkeeper and on his way home from New York city to Mount Vernon. He was on foot and was in the public highway. When he got along Sixth avenue to the middle of the block, between Twentieth and Twenty-first streets, one of the defendant's elevated cars came along and passed the plaintiff. He stopped to look up at the train as the engine passed and was hit by a clinker or a cinder over the eye. The clinker or cinder was about the size of a pigeon's egg, some half an inch broad and somewhat longer, and it was very hot, so hot that it burned the plaintiff. There was nothing between the plaintiff and the locomotive and no other vehicles were passing at the time. There was also given proof tending to show that a locomotive engine properly constructed and kept in repair in respect to a wire netting calculated to prevent the escape of cinders and ashes from the ash-pan, would cast out no such pieces of red hot cinders. The injury became very serious to the plaintiff. As to the cause of the injury the proof is, if credited by a jury, certain and positive that the cinders came from the defendant's locomotive, and could have proceeded from no other source. The size of the cinder of itself is a strong circumstance against the condition of the locomotive from which it escaped and with the proof that a properly constructed engine would prevent it, the cause of action became completely proven so far as to entitle it to go the jury. (*Seybolt* v. *N. Y., Lake Erie and W. R. R. Co.,* 95 N. Y., 568.) Assuming that a passenger along the street can be injured by one of the very many locomotives of the defendant by a cinder of this size, something is called for from the company by way of explanation. The passenger cannot be expected to discover the particular engine and give proof as to its condition. The company can easily do so. The case varies some from the case of *Searles* v. *The Manhattan Company* (101 N. Y., 661). In that case "the undisputed evidence shows that all the appliances used upon defendant's locomotives to prevent the escape of sparks and cinders were skillfully made and were the best known." The nonsuit in the present state

of the evidence on one side only is against the repeated decisions of the Court of Appeals. (*Sheldon* v. *H. R. R. Co.*, 14 N. Y., 218; *Hinds* v. *Barton*, 25 id., 544; *Field* v. *N. Y. C. R. R. Co.*, 32 id., 339; *Webb* v. *Rome, W. and O. R. R.*, 49 id., 420.)

The negligence consisted in the fall of the fire, and is not met absolutely by proof that the engine was in good order. The action is made out if the defendant failed to carefully use a good locomotive. The company would clearly be liable for any direct injury arizing from the falling of the burning coals. (*Lowery* v. *Manhatten Co.*, 99 N. Y., 158.)

The judgment should be reversed, and new trial granted, costs to abide event.

PRATT, J., concurred; DYKEMAN, J., not sitting.

Judgment reversed, and new trial granted, costs to abide event.