Van Brunt, P. J.
If the view of the facts claimed to have been established upon the trial of this case most favorable to the defendant is taken, then perhaps the judgment appealed from might be maintained.
*402 But as the contrary rule applies, there seems to have been ■enough in the evidence to call upon the defendants to put in their proof. In June, 1886, the appellant’s servant was driving down Seventh avenue with a horse belonging to the appellant. Near the side of the avenue, but at what •distance does not appear, the defendant was engaged in removing rock and dirt from the adjacent lands. When the appellant’s servant was directly opposite the point where the excavation was going on, a great mass of rock and earth was suddenly, without warning, loosened by the respondent and fell with a tremendous noise, accompanied by a quantity of dust, and a fragment of rock struck the appellant’s horse, causing him to take fright and run away, throwing the driver from the sulky he was driving, and the horse plunged down a rocky embankment and was so seriously injured that his value was greatly and permanently injured.
The plaintiff’s servant had a right to be upon the avenue and to assume that it was safe for travel. He had no reason to anticipate, as far as the evidence shows, the production of any such commotion as the evidence would lead us to believe was caused at or ábout the time he was passing the point of excavation.
The defendant undoubtedly had the right to conduct his business of excavation. upon those lands, but he had no right to conduct it in such a way as made it dangerous for persons passing along the avenue, certainly not without giving warning so that such passers-by might avoid the danger, if they so wished.
It is urged that there was no proof of negligence on the part of the defendant, nor any proof that the driver was not guilty of contributory negligence, both of which must ■appear before an action such as the one at bar can be maintained.
It is true that if the strict wording of the case of Searles v. The Manhattan Railway Co., (101 N. Y. 661), is applied to this case, perhaps the proof may fall short, but the situation of the parties was different, and their rights were different.
The defendant in this case clearly had no right to conduct his excavation upon the lots in question in such a manner as rendered it dangerous to passers by upon the street. He was bound while at work upon tbe lots adjoining the street to use care, skill and vigilance and to warn passers of any danger to which they were exposed thereby, and if in the conduct of the work, stones were thrown upon the highway, it makes no difference whether resulting from a blast or otherwise, there must necessarily arise a presumption of negligence in the absence of proof to the contrary e
*403 It seems to be assumed by the respondent that because the throwing of this rock was not the result of a blast, therefore there was no negligence. It does not appear that there is any difference in the principle of liability between the conduct of a work without blasting in such a way as to render it dangerous to passers by, and the conduct of a work with blasting with like result.
It is assumed that it was a physical impossibility that any fragment of rock could by any means whatever fall so as to strike this horse. This is based upon the assumption that this work is proved to have been some seventy-five feet from the curb.
We have not been referred to the proof in question, and we have not been able to find it in the record.
The witness Williams was very uncertain in regard to his evidence as to distance, evidently not appreciating the difference between thirty-five and sixty feet; and in one place stating that the work was perhaps half the width of the avenue from the curb, but what the width of the avenue was is not proved, and the court has no judicial knowledge of the fact.
It is also urged that there is no evidence going to show that the stone in question came from the defendant’s work, and that it. might have come from some other work in the vicinity. It is true there is some evidence going to show thai.t at some distance from this place, other excavations had been going on, but there is no evidence whatever that any blast or excavation was taking place at the time of the happening of the accident, and when we have the proof, such as is testified to by the witnesses for the plaintiff of the bearing down of this large mass of rock, and of the effects arising therefrom, the only natural conclusion is, that if the stone did strike the horse it came from the excavation which the defendant was conducting.
It seems also to have been error to exclude the evidence that other horses had been frightened by the manner in which this work was conducted, and that the defendant had knowledge of the fact. It may be true that this fact aid not prove conclusively that the defendants were conducting their work in a negligent manner, but it was some evidence on that subject which the jury might be called upon to consider in determining the question as to whether this work was done negligently or with ordinary skill, care and vigilance.
It would seem, therefore, that the judgment must be reversed and a new trial ordered, with costs to appellant to abide event.
Daniels and Brady, JJ., concur.