Landon, J.
When this case was before us upon the former appeal, we held that the evidence was sufficient to require the submission of the case to the jury. 44 Hun, 599. The question then was as it now is, whether the deceased “sustained bodily injuries, effected through external, violent, and accidental means, within the intent and meaning of the by-laws of said association, and the conditions hereunto annexed, and such injuries alone shall have occasioned death within ninety days, from the happening thereof.” The-conditions annexed are, in effect, that the bodily injury must have an “ external and visible sign.” Death caused by disease, or by “poison, in any manner or form,” is excluded. The plaintiff rested his case upon testimony tending to show that death was caused by a malignant pustule upon the lip; that such pustule is not strictly a disease, but a pathological condition of the system, caused by the accidental infliction of diseased or putrid animal matter infested with baoilli anthrax upon the thin skin of the lip, whence the bacilli multiply, and are diffused through the system. -The defendant urges that, if the facts were as alleged by the plaintiff, then the insured died from poison, liability for which is expressly excluded by the contract. We adhere to the view expressed upon the former appeal, that this means poison taken internally, and not externally inflicted. The defendant also urges that the evidence given on the part of the plaintiff did not exclude the possibility that malignant pustules are sometimes caused by an inhalation of the germs or bacilli, and therefore-are infectious diseases, and as such are excluded from the liabilities assumed by the defendant. We think the jury could understand the testimony otherwise. It seems to be to the' effect that the bacilli anthrax will produce the pustule by coming in contact with the skin. If swallowed, the pustule may be produced in the stomach or bowels. It is produced at the point of contact with the virus; wherever that may be applied, a local sore is produced. The bacilli need not necessarily be introduced by a puncture or lance; but may take effect if applied upon abraded or thin skin. They may, however, be injected in, as by the bite of a fly. “If they get in at the skin,” says Dr.Prudden, in behalf of the defendant, “they cause that thing which is known as *238 ‘malignant pustule;’ if they get into the lungs, they cause a sort of pneumonia; and, if they get into the stomach and bowels, they cause an infection which resembles cholera a good deal.” There seem to be different kinds of bacteria. One kind, known as the “bacillus tuberculosis,” producing con.sumption or pneumonia. The kind in question is known as the “bacillus anthrax.” Clearly, the jury were at liberty to decide that, if this was a malignant pustule, it was caused by accidental contact or infliction upon the lip of something containing the bacilli anthrax. The testimony justified the conclusion that, so far as known, the malignant pustule is the result of contact with the flesh, hides, or skins of animals, or with wool, feathers, birds, or flies, which contain or carry the bacilli anthrax.
The insured went to Council Bluffs, Iowa, February 1,1884, and died there March 21st following. He was first engaged as book-keeper in a meat mar.ket, and later as a check clerk in the transfer department of the Union Pacific Railroad. It was shown that car-loads of hides pass that station, but whether he had anything to do with them was not shown. This testimony suggests, instead of proving, any exposure. It is not at all satisfactory. Still it is competent. It is a sort of evidential dust, sufficient sometimes to preponderate •one side of the poising balance. But the defendant introduced evidence tending to show that the death of the insured was caused by a facial carbuncle, which is nothing more than an enlarged boil, or a large cluster of small boils, .and is not within any of the risks the defendant assumed. The defendant assailed the theory of a malignant pustule by evidence tending to show that the testimony of Dr. Harris, the expert who examined the body of the insured 27 ■ days after death, disclosed such an absence of the requisite tests as rendered .his opinion that the death was caused by malignant pustule wholly unreliable. The theory of a facial carbuncle was also assailed by experts on the part of the plaintiff. The defendant urges that the evidence renders it just as probable •.that death resulted from a carbuncle as from a pustule. If so, the plaintiff made out no case. Searles v. Railway Co., 101 N. Y. 661, 5 N. E. Rep. 66. In the case cited the court could see that the one agency was just as well supported as the other. But the case here presents a very difficult question. Inferences are to be drawn from the testimony, and fair men might well -disagree. In such a case, the jury are the final arbiters. Our system of justice in such a case finds relief and repose by accepting the verdict evolved from the inscrutable wisdom of the jury. We have re-examined the opinions expressed upon the former appeal, and see no reason to change them. The judg.ment should be affirmed, with costs.
Learned, P. J., and Ingalls, J., concur.