KOSSMANN v. STUTZ.

*(City Court of Brooklyn, General Term. June 24, 1889.)*

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

    Plaintiff, while in defendant's employ, was moving goods to the basement of the building. He brought the elevator down to where he wanted it, and, leaving it, went around a corner for the goods, and with them walked backwards, about 25 feet, to the elevator shaft, and, without looking to see if the elevator was still there, stepped into the shaft, and was injured. There was evidence that the elevator would sink when left standing, but there was no evidence that on this occasion it had moved down of its own accord. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term.

Action by Michael Kossmann against Louis Stutz for personal injuries. The complaint was dismissed at the trial, and plaintiff appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*M. L. Towns*, for appellant. *Wm. W. Butcher*, for respondent.

OSBORNE, J. Defendant was the owner of the premises No. 693 Broadway, where he conducted a pork-packing establishment, and plaintiff was employed therein. On February 22, 1887, defendant directed plaintiff to send some tongues in a basket from the store floor to the cellar below by the elevator. At that time the elevator was at the top floor. Plaintiff testifies that he went to the shaft, and pulled the rope, and brought the elevator down even with the store floor. He then went around a partition, or corner, for the basket of tongues, faced it, and walked backwards, a distance of about 25 feet,

to where he supposed the elevator was, but it had gone down, and he walked into the shaft, and fell to the floor below, sustaining injuries; to recover damages for which he brings this action.    At the close of the plaintiff's case, the complaint was dismissed, on the ground that the plaintiff was guilty of contributory negligence, and also that there was no proof that the elevator fell by reason of any defect.    From the judgment entered thereon, plaintiff appeals. On the trial, plaintiff offered evidence to show that steam escaped into the elevator shaft, which tended to soften the belts that ran the elevator, and the leather shoe to the brake, and that the effect of this was to render the elevator liable to fall or sink after it had been stopped; and the defendant had been informed of this condition of affairs, and had failed to remedy it.    The rule is well settled that a plaintiff in an action for negligence is required to show affirmatively his own freedom from negligence, as well as that his injury was produced by the negligence of the defendant.    Unless the court can see that such facts are proved as fairly tend to support a presumption of freedom from negligence, the question becomes one of law, to be determined by it.    *Cahill* v. *Hilton*, 106 N. Y. 512, 13 N. E. Rep. 339.

Here was an elevator in general use by defendant's workmen for the purposes of his business, as plaintiff well knew.    Plaintiff brings it to a point where he desires to use it, then goes away, and out of sight of it, a distance of 25 feet, and then walks backwards with his load to the shaft; and, without any attempt to see whether it was still there, or had been put to use by some other of the workmen, he steps into the space where he supposes it to be, and meets with the injuries complained of.    There is no evidence whatever that he exercised the least care or precaution.    Under the circumstances, we think, he was bound to look, and not to trust blindly that, because he left the elevator in one place, it would remain there till he got ready to use it.    There is no question but what, if he had looked, he would have discovered the absence of the elevator, and a failure on his part to do so rendered him, in our opinion, fairly chargeable with negligence; but, even if this were not so, still there is no evidence that the elevator on this occasion moved or went down by reason of any defect in its construction or appliances.    On the contrary, there is testimony the other way.    It appears that when plaintiff fell through the shaft the elevator was on the cellar floor, and that four or five tubs of lard had been loaded on it; and the witness Breit, who was in the cellar, swears that William Ohlandt, another of defendant's workmen, pulled it down and loaded it immediately previous to plaintiff's fall.    This testimony is entirely antagonistic to plaintiff's contention that the elevator fell by reason of the softness of the belts, and satisfactorily accounts for the absence of the elevator from the place where plaintiff left it.    There were thus shown two causes by which plaintiff might have sustained his injuries.    If it was occasioned by the failure of the elevator to remain at the place where it was stopped, defendant might be chargeable with negligence.    If it was occasioned by the man, Ohlandt, pulling it down to the cellar for a load of lard, then negligence could not be imputed to defendant.    Plaintiff must fail if his evidence does not show that the accident happened from the first-named cause.    If it is just as probable that the accident happened from one cause as the other, then plaintiff has not made out his case by a preponderance of evidence.    *Searles* v. *Railway Co.*, 101 N. Y. 661, 5 N. E. Rep. 66.    It follows, therefore, from the views above expressed, that the learned trial judge was correct on both grounds in dismissing the complaint.    Judgment affirmed, with costs.

VAN WYCK, J., concurs.