By the Court.—Freedman, J.
The action was brought by the plaintiff, an infant less than four years old to recover damages for personal injuries, the result of her being run over by defendants’ team and truck driven by defendants’ driver. At the trial the complaint was dismissed on the sole ground that the evidence was insufficient to establish actionable negligence on the part of the defendants, and the only question presented by the appeal relates to the correctness of this ruling.
The injuries were sustained by the plaintiff in Fourth avenue, between 107th and 108th streets, in the city of New York, during the afternoon of July *260 22, 1890. At that place the actual width of the avenue was 25 feet from the curb on the easterly side of the avenue to a stone wall on the westerly side thereof. The roadbed between the stone wall and the curb was paved for a carriage road and there was no sidewalk along the wall. It seems that a boy named Henry Peters had a bird, and in showing it to another boy it flew out of his hands and went into a little hole in the stone wall. The boys ran over to get the bird. One knelt down and put his arm into the hole and the other stood by and tried to help him. Then another boy and the plaintiff went there, and all the children were stationed around that hole in the wall when defendants’ team and truck came along. The team consisted of a pair of worlc-horses, and the truck was a heavy one and had on it a load of five tons. The roadbed on the block in question, and indeed the entire distance between 104th and 114th streets, was nearly level. The testimony as to the rate of speed at which defendants’ horses passed the point in question, varied somewhat. One witness thought they were going at the rate of six miles per hour. One of the boys said they were going fast. Plaintiff’s mother said they were flying. As a whole the testimony was unreliable and even improbable. But that presented a question for the jury, unless it appeared that the mere speed was not the real cause of the injury. To sustain the action the plaintiff was bound to show affirmatively that negligence on the part of defendants’ driver was the proximate cause of the injury, exclusive of any other primary cause. Negligence is never presumed or inferred from the fact that an injury has been sustained. So, whenever the fact appears that the injury was occasioned by one of two causes, for one of which the defendant is not responsible and for the other of which he is responsible, the plaintiff must fail unless his evidence shows that the injury was produced by the cause for *261 which the defendant is responsible, and he must fail also if it is just as probable that it was caused by the one as by the other. Searles v. Manhattan Railway Co., 101 N. Y. 661.
All the evidence shows that, while defendants’ horses and truck passed the spot where the children were stationed, there was a space of at least three feet between the wall and the horses and truck. One witness, who apparently was the most intelligent of all the witnesses, made it even fifteen feet. There is not a particle of proof that the driver directed the horses towards the children. For all that appears he was going in a straight line, and according to the testimony of one of the witnesses he quickly swung the horses away, almost into the gutter near the curb on the easterly side of the avenue, in order to avoid coming into contact with the plaintiff, but without being able to save the plaintiff. If, therefore, the plaintiff had remained where she was, she would have been safe. The other children remained near the wall and were not hurt. But the plaintiff, at the moment the horses approached, first drew closer to the wall and then suddenly started to cross the street, and thus came into collision with the horse nearest to the side of the wall. This was something which the driver, who had the right to act upon the appearances as they presented themselves, was not bound to anticipate. If there had been something in the appearances which called upon the driver to take notice that the plaintiff would attempt to run across, a different case would be presented. But in the absence of all evidence upon the subject, the driver is not chargeable with a neglect of duty in that respect. The result is that the rate of speed at which the horses were driven, was not the proximate cause of plaintiff’s injury, exclusive of any other primary cause, and that the injury was the result of an unavoidable accident.
*262 The question of contributory negligence in the plaintiff or her parents requires no consideration under the circumstances.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., and McAdam, J., concurred.