By the Court.—Freedman, P. J.
The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff in consequence of the negligence of the defendants. At the trial the theory of the plaintiff was that, while he passed along Madison avenue in front of premises owned by defendants on the afternoon of February 20, 1888, he was struck by fragments of brick or other material which composed part of one of the chimneys of defendants’ building’. Neither the plaintiff nor any of his witnesses was able to say with certainty that the fragments came from one of said chimneys or what in fact had struck the plaintiff. At the close of plaintiff’s case the trial judge refused to dismiss the complaint. The defendants thereupon proved the proper construction of their chimneys by independent contractors a short time before the accident; that they had no knowledge or notice of any defect and that no facts existed which put them upon inquiry; that at the time of the accident the painter, another independent contractor, had hung his swing scaffold around the chimney claimed by the plaintiff to have been the chimney in question, but was not at work owing to the prevalence of a heavy storm with the wind blowing at the rate of thirty miles an hour; that on the same day chimneys of other houses in that locality fell from the storm; that, after the accident, the chimneys of the defendants were examined and no part of them was gone and that there were no loose bricks on the roof *141 of the building. Indeed the explanation given by the defendants was full and circumstantial. This cast the burden upon the plaintiff to point out that, notwithstanding the explanation given, there was after all a specific act of omission or commission' for which the defendants were responsible and which caused the injury. The plaintiff did not sustain the burden in this respect. With the exception of recalling a witness who simply testified that she did not see any scaffold when she WLed at the house, the plaintiff did not attempt to contradict the defendants’ witnesses. As the evidence thus left it uncertain what was the true cause of plaintiff’s injuries, and whether the defendants or others were responsible for that cause, the complaint was properly dismissed at the close of the whole case. Searles v. Manhattan Railway Co., 101 N. Y., 661.
As defendants’ house was a new building, and had been built under contract by a competent mason, and may be said to have been still in course of construction at the time of the accident, the doctrine of Mullen v. St. John, 57 N. Y., 567, does not apply. Nor does it make any difference under the special circumstances of this case, that the defendants as owners were in possession.
There was no error committed in excluding evidence; and no complaint was made concerning the admission of evidence.
The judgment should be affirmed, with costs.
Gildersleeve, J., concurred.