PETER GRANT, Respondent, *v.* THE PENNSYLVANIA AND NEW YORK CANAL AND RAILROAD COMPANY, Appellant.

Where, in an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, it appears that there were two or more possible causes of the injury, for one or more of which the defendant was not responsible, the plaintiff in order to recover must show by evidence that the injury was wholly or partly the result of a cause for which the defendant is responsible. If the evidence leaves it just as probable that the injury was the result of one cause as of the other. the plaintiff cannot recover.

(Argued April 28, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1891, which affirmed an order of the Circuit denying a motion to set aside a verdict in favor of plaintiff and for a new trial and directed judgment in favor of plaintiff on verdict.

This action was brought to recover damages for injuries received by plaintiff while in the employ of defendant, a railroad corporation.

Plaintiff, an employe of the defendant, was at work upon one of three coal cars standing on a trestle. Two other loaded coal cars were being pushed upon the same trestle by a locomotive to which they were attached by a drawbar which was slightly bent. When they approached the three cars, steam was reversed, the engine stopped and the drawhead of the first car to which the drawbar was attached broke and the two cars ran into the cars standing on the trestle with such force as to push them over the end of it. The car upon which plaintiff was, turned over and he received the injuries complained of.

The following is the opinion in full:

" The difficulty with the plaintiff's case is that it lacks proof that the injury was caused by any defective appliance. The case is barren of any evidence that the drawhead which broke was defective in such a manner as to involve liability to plaintiff on the part of the defendant. It may have broken on account of a latent defect in the iron which no inspection would have reached. Whether it did or not we do not know and there is no evidence upon the subject. No facts are shown from which the cause of the accident can be more than guessed at. There is food for speculation or wonder, but there is no evidence as to the cause.

" Regarding the alleged defect in the drawbar on the locomotive, the evidence is very light that the small deviation from a straight line constituted a defect at all. It was but an inch or an inch and a half in three feet, and the only evidence on the subject on the part of the plaintiff showed there was no difficulty in coupling the drawbar to the drawhead of a car, excepting on a curve. After the accident, the cast iron head of the drawhead where the link goes and to which a bolt is attached, was found broken and lying in front of the engine and attached to the drawbar thereof. These two facts constitute all the plaintiff's evidence as to the cause of the accident. We may speculate and wonder whether the accident was or was not caused by this alleged defect in the drawbar and whether by reason of this slight bend it did not unduly press against the drawhead and thus cause the fracture of the latter, but there is nothing in the case that would permit us to

exchange our speculation or wonder for a belief formed upon the evidence. If the accident occurred by reason of a latent defect in the drawhead of the car, the defendant would not be liable in this case if it had employed competent persons to build the car and exercised proper diligence in that behalf.

"Where there are two or more possible causes of an injury, for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. If the evidence in the case leaves it just as probable that the injury was the result of one cause as of the other, the plaintiff cannot recover. (*Searles* v. *Manhattan Railroad Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 202, 209.)

"When the evidence on the part of the defendant is examined, it appears almost beyond doubt that the deviation of the drawbar from a straight line had no effect whatever in producing the result. The evidence on the part of the defendant shows that the peculiar manner in which the bar was fastened to the locomotive, styled the 'universal knuckle,' permitted such room for play on the part of the bar that the small bend in it was absolutely of no effect whatever. If there were any evidence to the contrary on the part of the plaintiff, this question would be one for the jury, but where there is an entire absence of evidence on the part of the plaintiff as to the cause of the injury, that which was introduced on the part of the defendant warns us of the wholesome character of the rule which requires some evidence and not mere speculation upon which to base a verdict upholding the defendant's liability.

"We think the judgment should be reversed and a new trial granted, with costs to abide the event."

*Frank P. Taber* for appellant.

*Charles M. Baker* for respondent.

*Per Curiam* opinion for reversal.
All concur.
Judgment reversed.