## WEBB v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

INJURY TO HAND—EVIDENCE—PROBABILITY OF FUTURE PAIN — SUBMISSION TO· JURY AS ELEMENT OF DAMAGES.

 Evidence, in an action for an injury to a hand, that it occasionally pained plaintiff, would, in the absence of some definite expert opinion, leave the probability of future pain to conjecture, and hence would not justify submitting it to the jury as an element of damages.

Appeal from trial term, New York county.

Action by Matthew Webb against the Union Railway Company of New York City. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Herbert R. Limburger, for appellant.

George R. Carrington, for respondent.

BARRETT, J. This is an action to recover damages sustained by the plaintiff through the alleged negligence of the defendant. There may be a difference of opinion as to the correctness of the learned trial justice's disposition of certain requests to charge— relating to the merits—which were submitted to him by the counsel for the defendant. We need not, however, consider these requests, as we are all agreed that the charge was erroneous upon the subject of damages. The learned trial justice charged the jury upon the latter head as follows: "And, further, you may award an amount which should reasonably compensate the plaintiff for the pain and suffering such as you are prepared to say he will endure in the future within reasonable probability." This was duly excepted to. The injury was to the plaintiff's hand. There was no evidence tending to show that future pain was reasonably certain. The plaintiff called no expert upon this subject, and there was no objective injury from the bare exhibition of which the inference of lasting, or, indeed, of any, suffering could be drawn. The jury were, therefore, left to speculate upon the subject. The plaintiff testified that occasionally, when he uses his hand, he still has pain. From this it is argued that that condition was not likely to cease finally upon the day of the trial. This, however, does not meet the real difficulty. Occasional pain might, it is true, and probably would, exhibit itself later. But when, and for how long a period, —a week, a month, a year? In the absence of some definite expert opinion, it was left to the jury to conjecture. They may have been "prepared to say," within their view of "reasonable probability," that the pain would continue for years. The period of continuous, or even occasional, suffering was thus left to their imagination, and became mere guesswork.

For this error we are constrained to set aside the verdict, and order a new trial, with costs to the appellant to abide the event. All concur.