## KELLY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

MASTER AND SERVANT—RAILROADS—INJURY TO EMPLOYE—NEGLIGENCE—EVI
DENCE—NONSUIT.

Plaintiff's intestate, a locomotive fireman, was injured through the
breaking of the drawbar connecting the engine with the tender, which
threw the intestate upon the rails, where he was killed. The petition
charged defendant with negligence in furnishing a defective drawbar,
and in not using due care in placing and in setting same. The answer
admitted the employment of the intestate and that he fell from the loco-
motive under the train to his death, denied the other allegations, and al-
leged that, if death came as the result of negligence, it was due alone to
the carelessness of intestate or of his fellow servants. On the trial,
plaintiff's only evidence on the question of negligence was the testimony
of two experts as to the defective character of the drawbar, and a stipula-
tion between the parties, which identified the drawbar referred to in the
complaint, and provided a place for its safe-keeping and for its inspection
by plaintiff's witnesses. *Held*, that the admissions of the answer, coupled
with the stipulation, did not establish the fact that deceased fell from the
engine by reason of the breaking of the drawbar, so that the issue was
narrowed to the condition of the drawbar; and, there being no proof of
the negligence of defendant, nor of the intestate's freedom from contribu-
tory negligence, plaintiff was properly nonsuited.

Appeal from trial term, Orange county.

Action by Jane Kelly, as administratrix, against the Erie Railroad
Company, to recover damages for causing the death of her intestate.
From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD,
HIRSCHBERG, and JENKS, JJ.

John W. Lyon, for appellant.
Henry Bacon, for respondent.

JENKS, J. The administratrix complained that her intestate was
engaged as a locomotive fireman on a locomotive of the defendant
that was drawing a train of cars; that the drawbar broke, allowing
the locomotive to part from the tender, thereby throwing the intestate
down upon the rails and tracks; and that the tender and cars ran
over him, and killed him instantly. The accident was charged to
the negligence of the defendant in having and in furnishing a de-
fective, broken, and unsafe drawbar; in not using due care in placing
and in setting such drawbar so as properly to hold the engine and
the tender; in not properly inspecting the drawbar; in failing to
employ safety chains of proper and usual size; and in employing
an incompetent and an inexperienced engineer. The answer admitted
the employment and the service of the intestate and that he fell
from the locomotive engine under the train of cars to his death,
denied the other allegations, and alleged that if death came as the
result of negligence or carelessness, as to which no admission was
made, it was due alone to the carelessness of the intestate or of his
fellow servants. Upon the trial, the plaintiff offered the minutes
taken on a stipulation for an adjournment at an earlier trial term.
The part thereof now material reads:

"Third. Defendant to admit on trial or retrials hereof that the drawbar in possession of defendant's attorney at his office in Goshen, N. Y., is the bar referred to in the complaint herein as having broken at the time deceased fell from the engine, as admitted on the answer herein, and the same bar inspected and examined by defendant's expert witnesses and plaintiff's attorney at main offices of defendant in city of New York. Fourth. That said bar be treated and considered as an exhibit now in this case, and that an order for production and inspection thereof be, and hereby is, waived by defendant. Said bar to be deposited with the clerk of this court on request of plaintiff's attorney, etc. Fifth. That plaintiff or any proposed witnesses may have access to and privilege of further inspecting and examining said drawbar at all reasonable times before trial or retrials hereof."

The plaintiff's case further consisted of testimony of the testatrix not relating to the accident, and of testimony of two experts directed to the defective character of the drawbar. Upon the motion to dismiss on the ground that neither negligence in the defendant nor absence of contributory negligence in the plaintiff was shown, the learned trial justice nonsuited the plaintiff upon the testimony, but not on the merits.

The learned counsel for the appellant contends that admissions in the answer that the intestate was engaged as a locomotive fireman on the locomotive at the time of his death, and fell from the engine to his death, coupled with the stipulation, establishes that the intestate fell from the engine in the course of his employment by reason of the breaking of the drawbar, and, therefore, that the issue is narrowed to the condition of the drawbar. We think that he mistakes the force and the effect of the answer and the stipulation. The answer only admits that the intestate met with an accident while in the defendant's service. The stipulation simply identifies the drawbar as that referred to in the complaint, and provides a place of safe-keeping that admits of access for inspection and for examination. The plaintiff would have it that the answer admits that the drawbar in question was broken at the time the deceased fell from the engine. But we must resolve the stipulation by examination of the complaint and of the answer. It thus appears that the bar is referred to in the complaint "as having been broken at the time the deceased fell from the engine," while that "deceased fell from the engine" is admitted in the answer, but that there is no admission therein referring in any way to the drawbar. The intent of the stipulation, then, might be stated thus:

"Is the bar referred to in the complaint as having been broken at the time deceased fell from the engine, the fall being admitted in the answer."

In other words, here is but identification of an exhibit, and not the admission of any liability, provided negligence in the use or in the inspection of the bar be proved. The nonsuit was right. There is no proof of any negligence of the defendant, and its liability cannot be based upon conjecture or be established by mere possibilities. Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66; Ruppert v. Railroad Co., 154 N. Y. 90, 47 N. E. 971.

The decisions cited by the learned counsel for the appellant are not in point. In Jones v. Railroad Co., 26 Hun, 364, the liability was based upon the furnishing of an unsafe ladder wherewith to climb

to the top of a freight car. While there was none who witnessed the accident, the court dwelt upon the physical conditions of the trampled place, the mark between the rails as if something had been dragged, the clothing along the dragged mark, the brake stick at the crossing, the blood on the wheels, and a broken rung of the kind used in such ladders, with a fresh break, found in the middle of the track at the trampled place, all of which, in the opinion of the court, tended to show that the fall of the deceased was due to the breaking of the ladder. In Noble v. Railroad Co., 20 App. Div. 40, 46 N. Y. Supp. 645, the intestate was found dead near the track, 56 or 57 feet south of the crossing, with his skull fractured and his side completely crushed in. Near him lay a lantern, called a "marker," which was subsequently found to belong to the pilot beam of the locomotive, and the door of this lantern was under the intestate's left breast, within the lapel of his overcoat. The marker was found missing, and there was blood upon the cross beam of the locomotive. Fitzgerald v. Railroad Co., cited by defendant as in 37 App. Div. 127, 55 N. Y. Supp. 1124, was reversed in 154 N. Y. 263, 48 N. E. 514. In Fordham v. Village of Gouverneur, 160 N. Y. 541, 55 N. E. 290, the court say that the evidence was slight. The accident happened in the nighttime. The defendant was laying a water pipe under the sidewalk of a bridge, and had cut holes in the planking thereof, which had been covered at night by placing over each hole a plank one or two inches thick. There were no lights or warning signals. The intestate's way was naturally across the bridge, and she was found upon the bridge severely injured in such manner as would follow a fall and a striking of the knee upon the floor or some hard substance. The court held that there was evidence to justify a finding that the injury was due to a fall over the plank. Thus, in the authorities cited by the learned counsel, while there was absence of eyewitnesses, facts more or less cogent were established that justified sound conclusions and permitted fair inferences, not the mere indulgence in speculation or in guesswork. In Fitzgerald v. Railroad Co., supra, the court say:

"The negligence must be connected with the injury by natural and uninterrupted sequence, as cause is connected with effect. While direct evidence is not essential, the circumstances must be such as fairly to permit the inference that the negligent condition or act contributed so proximately to the injury that without its agency the accident would not have happened."

This case does not satisfy the rule. The record shows that the intestate was serving as a fireman on a train of the defendant in the nighttime, that he fell from the engine under the train and was run over, and that a drawbar used between the locomotive and the tender was broken. There was no proof how the accident to the intestate happened, or of any fact that threw any light upon it or permitted any fair inference concerning it. There was no proof of the absence of any safety chains, or of any negligence in inspection, or that the engineer was incompetent, or that the drawbar broke before or at the time when the intestate fell from the engine, or that his fall was consequent to the breaking of the bar. The sole facts established were the presence of the intestate on the engine, his fall

therefrom to his death, and that the drawbar was broken at some time. There was not even opportunity for the application of the principle, "Post hoc, propter hoc." Moreover, there was not the slightest testimony of freedom of the intestate from contributory negligence, which it was the duty of the plaintiff to establish by facts or conditions capable of fair inferences, or from the "drift of the surrounding circumstances." Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023.

The exception to the question put to the witness Olsen as to connections between an engine and a tender is not well taken. The witness was not a "railroad man," and did not pretend to speak with reference to the engine and tender used by the defendant on the night of the accident, or to that kind of engine, but generally,

The judgment is affirmed.

Judgment affirmed, with costs. All concur.