ANTONIO MAIMONE, Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

*Negligence — testimony that the plaintiff's condition might have resulted from the accident in question or from some other cause is insufficient — evidence required to justify damages for permanent injury.*

Upon the trial of an action to recover damages for personal injuries, a physician, who attended the plaintiff at the time of the accident, testified that four or five years had elapsed since that time, and that he had misplaced the notes on the case and was unable to say just what the plaintiff's injuries then were, or the exact location thereof. He further testified that he had examined the plaintiff a few days before the trial. He was then asked, "what in your opinion could have caused the condition in which you saw the plaintiff the other day," to which he answered, "this might have been a constitutional ailment, or it might have been brought about by traumatism ; he may have had a tendency towards what we call ataxia — this condition of ataxia, as it is called — or it might have been accentuated through some force exerted on the spine." He further stated that he could not say whether the injury from which the plaintiff was suffering at the time of the trial was the same injury that he was suffering from when the witness previously attended him.

*Held*, that the physician's testimony as to what might have caused the injury was too speculative to afford any basis for an award by the jury ;

Where there is no evidence, expert or otherwise, tending to show that the plaintiff's injuries are permanent, or that he will suffer pain or inconvenience from them, and there is no objective injury from the bare exhibition of which the inference of continued suffering can be drawn, it is error for the court to charge that the jury may find that the plaintiff's injuries were permanent and may award damages therefor.

APPEAL by the defendant, The Dry Dock, East Broadway and Battery Railroad Company, from a judgment of the Supreme Court

in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of January, 1900, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 13th day of February, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Henry L. Scheuerman,* for the appellant.

*Edward S. Griffing,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for personal injuries on the ground of defendant's negligence. The plaintiff had a verdict and from the judgment entered thereon the defendant has appealed.

The complaint alleged, in substance, that the plaintiff attempted to enter one of the defendant's cars and, while he was in the act of doing so, the car was, without warning to him, suddenly started, and he was thrown to the street and "severely bruised and injured in the left leg and left arm, and also suffered injury to his spine, and was also injured internally, by reason whereof he was rendered incapable of following any occupation, and still is incapable of attending to any business." The answer was substantially a general denial of the material allegations of the complaint.

Upon the trial the evidence introduced was sufficient to justify the jury in finding that the defendant negligently started its car while the plaintiff was in the act of getting into it, and the amount of damages awarded cannot be said to be excessive. It is, however, claimed that errors were committed both in the admission of evidence and in the instructions given to the jury by the learned trial justice, which necessitate a reversal of the judgment.

The plaintiff was injured on the 28th day of September, 1895, and he was then taken to the office of Dr. Haimovitz, who directed that he be taken to his home. This was done, and within a few days thereafter Dr. Haimovitz saw him " about half a dozen times." He was thereafter treated for several weeks by Dr. Badolatti, who was not produced as a witness. The plaintiff, in substance, testified that he was forty-nine years of age ; that prior to the accident he was in good health and had never had any trouble with his kidneys

or stomach, and that he weighed 225 pounds; that since the accident he had not been in good health; his memory was somewhat impaired; that he had pain in the kidneys and spine when he walked, and that at the time of the trial he weighed only 180 pounds.

Dr. Haimovitz was called as a witness in behalf of the plaintiff and he testified that he remembered when the plaintiff was taken to his office in 1895, but he could not describe in detail just what his injuries then were; that four or five years had elapsed since that time; that he had misplaced the notes on the case, and that he was unable to say just what his trouble was; that he knew he was bruised, but the exact location of his injuries he could not recall. He further testified that he had examined the plaintiff a few days before the trial, which took place on the 28th of November, 1899, and he was then permitted to state, against the defendant's objection, the result of the examination, which was, in substance, that he found the plaintiff had a relaxed condition of the abdominal walls and a diminished reflex action. He was then asked the following question : " Q. What in your opinion could have caused the condition in which you saw the plaintiff the other day ? " This was objected to as incompetent, and that no foundation had been laid for the question. The objection was overruled, the doctor was permitted to answer, and the defendant excepted. The answer was, " this *might* have been a constitutional ailment, or it *might* have been brought about by traumatism; he *may* have had a tendency towards what we call ataxia — this condition of ataxia as it is called — or it *might* have been accentuated through some force exerted on the spine." He further stated that he could not say whether or not the plaintiff was suffering at the time of the trial from the same injuries that he was when he was brought to his office in September, 1895.

At the close of plaintiff's case the defendant moved to strike out this testimony upon the ground that it did not show with any reasonable certainty that the condition of the plaintiff at the time of the trial was caused by, or resulted from, the injuries referred to in the complaint. The motion was denied and the defendant excepted. No evidence whatever was given to the effect that the plaintiff's

injuries were permanent or that, after the trial, they would cause him pain or diminish, in any degree, his earning capacity. The learned trial justice, in submitting the case to the jury, charged that they might award the plaintiff damages for the pain and suffering he had endured, and also "for such further pain and suffering as you are prepared to say, from the evidence, he will be called upon to endure in the future, within reasonable probability, because of such injuries. It is also claimed that the plaintiff has been permanently injured, and if you find this to be the fact, you may award such a sum as would afford reasonable compensation to him for the extent of any permanent injury such as you find it to be." To this portion of the charge the defendant excepted.

We are of the opinion that both exceptions were well taken. *First.* As to the testimony of the doctor as to what might have caused the injury. It was, the way in which it was left, too speculative to afford any basis for an award by the jury. His testimony, in effect, was that the plaintiff's condition *might* be the result of a constitutional ailment, or it *might* be the result of some injury which he had received. If it were the result of a constitutional ailment, the defendant could not be held liable for that, and unless the plaintiff produced evidence from which the jury might find that such injuries were not the result of a constitutional ailment, but resulted from injuries caused by the negligent act of the defendant, then no recovery could be had, because the rule is well settled that where injuries have been sustained by one of two causes, for one of which the defendant is responsible, and for the other of which it is not responsible, the plaintiff must fail if the evidence does not show that the injury was produced by the former and not by the latter cause. (*Searles* v. *Manhattan R. Co.,* 101 N. Y. 661; *Gardinier* v. *N. Y. C. & H. R. R. R. Co.,* 103 id. 674; *Dobbins* v. *Brown,* 119 id. 188; *Grant* v. *Pennsylvania & N. Y. Canal & R. R. Co.,* 133 id. 657; *Hanrahan* v. *Brooklyn El. R. R. Co.,* 17 App. Div. 588.) Applying the principle laid down in these authorities to the testimony of Dr. Haimovitz, it at once becomes apparent that his testimony could not be used by the jury for the purpose of holding the defendant liable for the plaintiff's injuries existing at the time of the trial. It at most suggested several causes which might have brought about that result and one just as probably as another, and for some of which

the defendant could not be held liable. It left the jury to specu-
late, to guess, that the negligent act of the defendant in starting the
car was the cause, and this the court had no right to permit them to
do. "Mere conjecture, surmise, speculation, bare possibility, or a
mere scintilla of evidence is not enough" to justify a verdict for the
plaintiff in an action to recover damages for personal injury. (*Laid-
law* v. *Sage*, 158 N. Y. 73; *Weidinger* v. *Third Avenue R. R. Co.*,
40 App. Div. 197.) Had the question put to Dr. Haimovitz been fol-
lowed by the question as to whether the plaintiff's physical condition
and bodily suffering at the time of the trial could have been caused
by, or resulted from, his being thrown to the street by the sudden
starting of the car, another question would be presented, but that
was not done.

It is proper, as held in *Turner* v. *City of Newburgh* (109 N.
Y. 301) to furnish the jury with evidence of a plaintiff's physical con-
dition and bodily suffering existing at the time of the trial, and then
to permit a competent physician to state *whether such condition
could have resulted from the accident.* But we know of no author-
ity which holds that testimony so purely speculative as here intro-
duced is admissible. On the contrary, it is held in *Strohm* v. *N. Y.*,
*L. E. & W. R. R. Co.* (96 N. Y. 305) and *Tozer* v. *N. Y. C. & H.
R. R. R. Co.* (105 id. 617) that testimony cannot be introduced as to
consequences which are contingent, speculative or merely possible.

We are also of the opinion that the exception to that portion of
the charge above quoted was well taken. There is not a particle of
evidence in the record before us showing, or tending to show, that
the plaintiff's injuries are permanent or that he will suffer pain or
inconvenience from them in any respect. The plaintiff called no
expert upon the subject and there was no objective injury, from
the bare exhibition of which the inference of lasting or, indeed, of any
suffering, could be drawn. The jury, therefore, were left to specu-
late upon that subject. (*Webb* v. *Union Railway Co.*, 44 App. Div.
413.) And this conclusion is not in hostility to *Ayres* v. *D., L. & W.
R. R. Co.* (158 N. Y. 254). There the court was requested to charge
that there was no ground upon which the jury could find any future
damages in reference to an injury to the knee. At the time of the
trial, which was three years after the accident, the plaintiff could
not walk without limping. This the jury saw. It also appeared

that the plaintiff could not use that leg as well as the other; that she could not swing it as far back as the other without causing more or less pain, and the court simply held that the evidence being left in this condition, the defendant was not entitled to have the question of future damages *entirely* withdrawn from the jury. But in the case at bar, as already indicated, there was no evidence, either by a competent expert or by any one else, that the injuries were permanent or that the plaintiff would suffer pain or be incapacitated by them to any extent subsequent to the trial.

It follows, therefore, for the errors thus committed that the judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred; RUMSEY, J., concurred in result.

Judgment and order reversed and new trial ordered, costs to appellant to abide event.