Hillsborough, June 3, 1947. } No. 3645.

JOHN E. MARCOUX, *Adm'r v.* RALPH L. COLLINS & a.

346

*Chretien & Craig* (*Mr. Chretien* orally), for the plaintiff.

*Murchie & Murchie* and *Irving H. Kennedy* (*Mr. Alexander Murchie* orally), for the defendants.

JOHNSTON, J.   A verdict for the plaintiff was warranted by the evidence.   Mr. Collins had stopped with the rear end of the truck, which headed west, opposite an alley between 132 and 126 Auburn Street.   The entire job of delivering the 50 gallons of oil, winding in the hose and collecting the money at the house took the driver from four to five minutes.   Gerard, his brother Robert, four years of age, and another boy, almost four, were playing in the alley and on the sidewalk.   They followed the driver into the alley when he connected the hose with the intake and the latter noticed them.

Emile Marcoux, a brother of Gerard and ten years old at the time of the trial, was going by after the morning session of school in charge of a patrol of children.   He testified that he saw Gerard going down to a sitting position on the right running board of the truck and that at that time a man was cranking in the hose.   He said to Gerard, "Get out of there," and continued with the patrol toward his home. He looked back and saw the man going up the stairs but at that time did not see Gerard.   Looking a third time he saw his brother Gerard sitting on the running board and the man was not in sight.   This was credible evidence.

After collecting his pay, Collins went to the left side of the truck, entered the cab and drove westerly.   The jury were not obliged to believe his statement that as he went around the rear end of the truck, the three boys were on the sidewalk.   After he went a hundred feet and came opposite No. 114, he heard a thump, stopped the vehicle, got out on the left running board and saw the boy lying in the street.

Gerard suffered fractures of the pelvis and ruptures of the bladder and the urethra, with no injuries to the legs or upper part of the body. He was found lying face down with his head toward the north and his feet toward the south. He died the same day. The nature of the injuries corroborates the plaintiff's claim that the accident happened when he was seated on the running board and fell or attempted to get off the moving truck and was run over by the rear wheel. The outer surface of this wheel extended outwardly beyond the edge of the running board.

The defendants argue that the boy may have climbed on after the truck started or that his injuries may have come from running alongside of it and falling, in either of which events they say it could not reasonably be found that the driver should have known of the danger. They maintain that evidence that Gerard was on the running board when seen by Emile and when Mr. Collins had entered No. 132 for his pay is not proof that he was there when the latter started to go around back of the truck. The rule which is said not to apply is stated in 2 Wig. Ev. (3d *ed.*), *s.* 437, *p.* 413 as follows: "When the existence of an object, condition, quality, or tendency at a given time is in issue, the *prior existence* of it is in human experience some indication of its probable persistence or continuance *at a later period.*" Dean Wigmore goes on to say that the degree of probability of the continuance depends upon the nature of the particular thing under consideration and the special circumstances affecting it. He illustrates with the improbability of a soap-bubble lasting half an hour and the probability of Mt. Everest remaining in existence for ten years. The plaintiff does not claim that the evidence of Gerard's being seen on the running board is conclusive proof or even creates a presumption of his being there one or two minutes later. It is simply relevant testimony from which the jury could reasonably infer the boy's presence there that much later when the driver passed from the house by the rear of the truck to the cab. The position of the plaintiff is correct. *Dube* v. *Bickford*, 92 N. H. 362.

Another position taken by the defendants is that the plaintiff's case is based on conjecture only because of the rule quoted with approval in *Deschenes* v. *Railroad*, 69 N. H. 285, 290, which is as follows: " 'When the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must fail also if it is just as

probable that they were caused by the one as the other, as the plaintiff is bound to make out his case by the preponderance of evidence. The jury must not be left to mere conjecture, and a bare possibility that the damage was caused by the negligence and unskillfulness of the defendant is not sufficient.' *Searles* v. *Railway*, 101 N. Y. 661, 662." This rule does not apply to the present case for two reasons: as has been seen there was evidence for the jury to weigh and from which it could reasonably find that Gerard was on the running board and should have been seen by the driver and secondly it cannot be said as a matter of law that the suggestions of the defendants are just as likely as the claim of the plaintiff.

The question of the mother's contributory negligence was properly submitted to the jury. It was answered in the negative. Mrs. Marcoux at the time of the accident was in her home at 108 Auburn Street and no older person was with the three young boys. She was a mother of six children, the oldest of whom, Emile, was eight at the time. The mother had warned and forbidden the children against playing in the street or around automobiles and had taken disciplinary action to prevent it. The negligence of a parent or custodian is ordinarily a question of fact. *Bullard* v. *McCarthy*, 89 N. H. 158; *Martineau* v. *Waldman*, 93 N. H. 147. In *Humphreys* v. *Ash*, 90 N. H. 223, a mother was held to be conclusively negligent but the case is distinguishable. The mother was present and was supervising her young son in his crossing the street. She waited for cars from the south to pass but without looking to the north directed the boy to cross and he was struck by a car from that direction. The court said that if she had crossed in that manner she would have been negligent as a matter of law and must be ruled so in asking the child to cross without her looking for cars coming from the north. Other cases on the subject are found in 51 A. L. R. 209, 218.

The defendants excepted to the admission of evidence that there was no rear-vision mirror on the right side of the truck. This testimony was not allowed for the purpose of showing negligence because of defective equipment. The Court charged: "So far as Anderson is chargeable with negligence with reference to the equipment of the truck, there is none." The statement was competent for the purpose of showing one of the details of the truck and of the general situation at the time of the accident. It could well be found because of this that reasonable care required greater vigilance in ascertaining whether any of the children was in a dangerous position on the right of the truck before passing around the rear end.

Another exception claimed was to portions of the charge in which the Court said that the operator of the motor vehicle should have used reasonable care to discover the presence of the child. This was a correct statement of the law. *Robbins* v. *Green*, 93 N. H. 384; *Bouley* v. *Company*, 90 N. H. 402. There was no error in the refusal to give defendants' sixth request for instructions. The statement in it that the duty of a driver is usually confined to looking out for pedestrians and vehicles in front has no particular application to this case, where the duty is not so confined. To call Gerard a trespasser was not necessary since even towards such there was a duty to use due care to avoid injuries caused by active intervention. The Court imposed no greater duty on the defendant driver. Finally, it was not necessary for the Court to emphasize or call the jury's attention to inferences underlying the defense to the effect that Gerard may have climbed on the truck or attempted to at a time when the driver could not reasonably be expected to know of his presence in a dangerous situation. The law covering this main issue on liability, the point of the driver's alleged neglect in failing to know of the boy's being in danger, was correctly and fully given in the charge.

*Judgment on the verdict.*

All concurred.