Grafton,
June 7, 1949. } No. 3820.

## JOHN E. CHASE & a. v. DRAPER CORPORATION & a.

*Murchie & Murchie* and *George P. Cofran* (*Mr. Cofran* orally), for the plaintiffs.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Piper* orally), for the defendants.

BLANDIN, J. The exceptions to the granting of the motions for nonsuits raise the question whether reasonable men could find the truck driver negligent. In passing upon this we must construe the evidence most favorably to the plaintiffs. *Shimkus* v. *Caesar, ante,* 286.

The record warrants findings that on the evening of December 29, 1945, the plaintiff, then thirteen years old, was riding with another boy, Chester Raymond, of about the same age, on the back of the defendant corporation's snow plow truck unknown to Tobine. After

a few minutes the latter, whose authority is not in issue, saw them and told them that if they wished to ride they must get into the cab. They did so and rode around for about an hour and a half while the plow, which was attached to the front of the truck, cleared the streets. They finally stopped headed northerly and nearly in front of the plaintiff's home because a car was parked in the road, which was about seventeen feet wide, just beyond them and facing in the same direction they were going. The defendant, Tobine, asked the plaintiff to have the car moved and as a result John and his companion got out of the truck, John went in and came out of his home and at length effected the removal of the automobile through its owner, Robert Seeley, who has since become the plaintiff's brother-in-law. Seeley came out of the Chase house and drove his car away, while the plaintiff watched him, standing behind Seeley's automobile about twelve feet in front of the snow plow truck and on the right or easterly side of the road. The headlights of the truck were on as was a street light nearby and the light on the piazza of the plaintiff's house. It was not storming at the time and it could be found that the boy was standing in plain sight of the truck driver.

Meanwhile Chester Raymond had returned to his seat in the cab along with another boy, Donald Blake, who seems to have stepped in while the truck was stopped. As soon as Seeley had driven his car out of the way the plaintiff turned, walked or ran back to the truck, jumped on the right running board and was just taking hold of the door handle when the truck started without warning to him, threw him off and the right rear wheel ran over him. It appears Tobine was unaware of the plaintiff's presence until the Blake boy shouted to him to "stop" because he had run over John. The accident happened about ten o'clock at night. The plaintiff had been told by his parents to be in "around 9:30 or 10" but there is no evidence this was known to the driver.

On the above facts we believe the jury could find the defendant should have anticipated that the boy would try to get back into the truck as soon as he had done the defendant's errand. It was a natural and expectable action and the question of the defendant's negligence in failing to anticipate it was for the jury.

It is unnecessary to decide whether the statement of plaintiff's counsel in chambers at the close of the evidence that John was a trespasser is correct, or if so whether the plaintiffs are bound by it. Assuming the plaintiff a trespasser yet it could be found his presence was known, or should have been anticipated and discovered by Tobine

whose negligence in failing to anticipate or discover the boy could be found causal and therefore actionable. *Smith* v. *Railroad*, 87 N. H. 246, 252; *Robbins* v. *Green*, 93 N. H. 384; *Marcoux* v. *Collins*, 94 N. H. 345. See also, *Dillon* v. *Company*, 85 N. H. 449, 452; *McCaffrey* v. *Company*, 80 N. H. 45, 51, 54.

The issues of contributory negligence of both plaintiffs were also for the jury. It was findable that John, Jr. was warranted in believing the driver saw him, or at least was on the lookout for him and would not start the truck while he was in a position of danger. His father had left him in charge of a sister of mature years and the usual rule that such situations raise questions of fact is applicable. *Marcoux* v. *Collins, supra,* 348, and cases cited. The order, therefore, is

*New trial.*

All concurred.