## WEIDINGER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department.  May 2, 1899.)

1. STREET RAILROADS—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE.
   Plaintiff was driving a wagon at an ordinary walk across street-car tracks, when the rear end of the wagon was struck by a car, and he was injured.  He testified that he looked in both directions before attempting to cross.  *Held*, that a finding that he was free from contributory negligence was justified.

2. DAMAGES FOR PERSONAL INJURIES—QUESTION FOR JURY.
   In an action for personal injuries, where the doctors who examined plaintiff immediately after the accident, and again after his leg had been in a cast for two weeks, refuse to testify that the leg was fractured, merely stating that it might have been, and that there were symptoms so indicating, it should not be left to the jury to determine whether there was a fracture.

3. APPEAL—REVERSIBLE ERROR—DAMAGES.
   Where the question whether plaintiff in an action for personal injuries suffered a fracture of the leg was submitted to the jury, with no evidence that he did, it is reversible error.

Appeal from trial term, Kings county.

Action by George Weidinger against the Third Avenue Railroad Company.  From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert R. Limburger (Alfred Lauterbach, on the brief), for appellant.

J. Stewart Ross, for respondent.

WOODWARD, J.  The plaintiff in this action was driving an empty brewery wagon on Park avenue, New York City; and while in the act of crossing the tracks of the defendant in 125th street a car under the management of one of the defendant's servants came into collision with the rear wheels of the wagon, causing a sudden start on the part of the team, and throwing the plaintiff to the pavement, causing the injuries for which he now seeks to recover damages.

There was, we think, evidence from which the jury might properly reach the conclusion that the plaintiff, in driving upon the tracks of the defendant at a street intersection, was not guilty of contributory negligence.  The rights of both parties at street intersections, it has been often determined, are equal; and the fact that plaintiff's wagon was struck upon the rear wheel indicates that he was first to reach the crossing point.  As it appears from the undisputed evidence that he was moving at an ordinary walk, it must be evident that he had been upon the crossing, in plain view, some little time before the car reached the point of collision, where the plaintiff had a right to assume that the gripman would have the car in control.  These circumstances, taken in connection with the evidence of the plaintiff that he looked in both directions before attempting to cross, without seeing a car, are sufficient to justify the conclusion of the jury that the plaintiff was free from contributory negligence.  The facts and circumstances are

entirely different from those involved in the case of Hickman v. Railroad Co., 36 App. Div. 376, 56 N. Y. Supp. 751, in which case the accident did not occur at a street intersection, and the evidence showed a long interval between the time that the plaintiff alleged that she looked in both directions and the time of the collision; the woman walking deliberately upon the track, without any apparent regard for her own safety.

It seems clear, however, that the learned trial court erred in submitting to the jury the question whether or not plaintiff's leg was fractured in the accident. The doctors who examined the plaintiff immediately after the accident, and again after the injured leg had been in a plaster of Paris cast for a period of two weeks, would not testify that the leg was fractured. The nearest approach to evidence upon the question of a fracture was that there might have been a fracture, and that there were some symptoms indicating a fracture. Neither of the doctors was willing to give it as his opinion that the leg was fractured, though a persistent effort was made in that direction by counsel for the plaintiff. The attention of the court was especially called to this point by a request of the defendant's counsel to charge that there was no evidence of any fracture of the plaintiff's leg. The learned court, in reply, said:

"I will leave that for you, gentlemen. I do not think there is any evidence of the fracture, and yet I will leave it for you to determine."

If there was no evidence upon this point,—and we agree with the learned trial court that there was not,—then it was error to leave it for the jury to speculate as to the question of a fracture of the leg. In the recent case of Laidlaw v. Sage, 158 N. Y. 73, 97, 52 N. E. 679, 687, the court say that:

"This court has, in a long line of decisions, uniformly held that, to justify the submission to the jury of any issue, there must be sufficient proof to sustain the claim of the party upon whom the onus rests, and that mere conjecture, surmise, speculation, bare possibility, or a mere scintilla of evidence, is not enough."

It is possible, of course, that the jury may have disregarded the question of a fracture entirely, and that it may have reached a verdict upon the evidence outside of the alleged fracture; but there is no way in which this fact can be established.

As the defendant may have been prejudiced, as to the amount of damages, by reason of the charge of the court permitting the jury to determine whether there was a fracture or not, the judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.