HASZLACHER v. THIRD AVE. R. CO.

(City Court of New York, General Term.   November 21, 1899.)

PERSONAL INJURY—EVIDENCE—SUBMISSION TO JURY.

    In an action for personal injuries it was error to allow the jury to consider, as an element of damages, a dislocation of a shoulder, where the proof thereof amounted to no more than a mere conjecture based on a mere scintilla of evidence.

Appeal from trial term.

Action by Louis F. Haszlacher against the Third Avenue Railroad Company for a personal injury. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before CONLAN and McCARTHY, JJ.

Hoadley, Lauterbach & Johnson, for appellant.
Wahle & Stone, for respondent.

CONLAN, J.   Appeal from a judgment entered upon a verdict and from an order denying a motion for a new trial.   The action was for

damages for an injury alleged to have been caused by defendant's negligence. The only questions before us on this appeal are: (1) Whether the jury are allowed to consider an element of damage which was not proved; (2) whether error was committed in the charge. Under the first head it does not appear that there was any direct testimony to the effect that the shoulder was dislocated. The defendant says "he was unable to use the right arm," and upon the motion to strike out this evidence the court said, "I will allow that as tending to show dislocation of the shoulder." To a further question the doctor answered: "At the time that I examined the shoulder, I could not tell whether or not it had been dislocated. No one could tell at that time. I saw him off and on for a period of three months after that." The complaint, as originally drawn, did not complain of a dislocated shoulder, but upon a formal trial of the action there appears to have been an amendment allowing such an allegation to be inserted, and the trial court proceeded upon the theory that such an amendment had been made. Now, when we come to the charge to the jury, we find the following request by the defendant's counsel: "I ask your honor to charge that there can be no recovery for dislocation of the shoulder, as no such injury was proved." This request was declined, and the defendant excepted. In the case of Weidinger v. Railroad Co., 40 App. Div. 197, 57 N. Y. Supp. 852, the court said:

"It was error to leave it for the jury to speculate as to the question of the fracture of a leg, and in Laidlaw v. Sage, 158 N. Y. 97, 52 N. E. 687, the court said: 'There must be sufficient proof to sustain the claim of the party upon which the onus rests, and mere conjecture, surmise, speculation, bare possibility, or a mere scintilla of evidence is not enough.' * * * And, as the defendant may have been prejudiced as to the amount of damages by reason of the charge of the court permitting the jury to determine whether there was a fracture or not, the judgment and order appealed from should be reversed."

Accepting, therefore, the opinion to which we have referred, it follows that there must be a reversal of the judgment and order appealed from, and a new trial granted, with costs to the appellant to abide the event.

McCARTHY, J., concurs.