(50 App. Div. 529.)

## McALLISTER v. FERGUSON.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

INJURY TO SERVANT—DAMAGES.

> Where, in an action for personal injuries, there is no evidence of permanent injury to plaintiff, it is error to submit to the jury the question whether plaintiff has been permanently injured, and the damages sustained by reason thereof.

Appeal from trial term, Kings county.

Action by Peter Patrick McAllister against John W. Ferguson for damages for a personal injury.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John Vernou Bouvier, Jr., for appellant.

William McArthur, for respondent.

PER CURIAM.   By reason of an error committed upon the trial, this judgment must be reversed, without reference to the other questions which have been elaborately argued.   The plaintiff seeks to recover damages for injuries occasioned by the negligence of the defendant.   There was no proof given upon the trial from which the jury could find that the injuries which the plaintiff sustained were permanent in their character, or from which any inference can arise that they will be permanent.   When the matter of permanent injury was first called to the attention of the court, it stated that it did not think that there was evidence of any permanent injury, but subsequently charged: "I will simply state that, if you find there is any evidence of permanent injury, then you may compensate.   It is for you to determine whether or not there is any such evidence in this case."   To this charge the defendant excepted.   If there was no evidence of permanent injury, then there was no authority for the submission of such question to the jury; and a careful examination of the testimony shows that there was no basis for the charge, and that the submission by the court of this question to the jury was clearly error.   Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679; Weidinger v. Railroad Co., 40 App. Div. 197, 57 N. Y. Supp. 851.   Since the foregoing portion of this opinion was prepared, we have had occasion to examine and determine the effect of section 18 of chapter 415 of the Laws of 1897, and reach the conclusion that this act has changed the rule of law as announced in Butler v. Townsend, 126 N. Y. 105, 26 N. Y. Supp. 1017; McLaughlin v. Eidlitz (Sup.) 64 N. Y. Supp. 193.   But, for the error in the charge, the judgment must be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event.