It follows that the judgment should be affirmed.

All concurred, GOODRICH, P. J., in result.

Judgment and order denying motion for new trial affirmed, with costs.

---

PETER PATRICK McALLISTER, Respondent, *v.* JOHN W. FERGUSON, Appellant.

*Negligence — charge as to damages for permanent injuries where there is no proof thereof.*

Where, on the trial of an action to recover damages for personal injuries, no proof is given from which the jury can find that the plaintiff's injuries were permanent, it is error for the court to charge " I will simply state that if you find there is any evidence of permanent injury, then you may compensate. It is for you to determine whether or not there is any such evidence in this case."

APPEAL by the defendant, John W. Ferguson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of July, 1899, upon the verdict of a jury for $3,300, and also from an order entered in said clerk's office on the 24th day of August, 1899,

resettling an order entered in said clerk's office on the 5th day of July, 1899, denying the defendant's motion for a new trial made upon the minutes.

*John Vernou Bouvier, Jr.*, for the appellant.

*William McArthur*, for the respondent.

PER CURIAM:

By reason of an error committed upon the trial, this judgment must be reversed, without reference to the other questions which have been elaborately argued. The plaintiff seeks to recover damages for injuries occasioned by the negligence of the defendant. There was no proof given upon the trial from which the jury could find that the injuries which the plaintiff sustained were permanent in their character, or from which any inference can arise that they will be permanent. When the matter of permanent injury was first called to the attention of the court, it stated that it did not think that there was evidence of any permanent injury, but subsequently charged : " I will simply state that if you find there is any evidence of permanent injury, then you may compensate. It is for you to determine whether or not there is any such evidence in this case." To this charge the defendant excepted.

If there was no evidence of permanent injury, then there was no authority for the submission of such question to the jury, and a careful examination of the testimony shows that there was no basis for the charge, and that the submission by the court of this question to the jury was clearly error. (*Laidlaw* v. *Sage*, 158 N. Y. 73 ; *Weidinger* v. *Third Avenue R. R. Co.*, 40 App. Div. 197.)

Since the foregoing portion of this opinion was prepared, we have had occasion to examine and determine the effect of section 18 of chapter 415 of the Laws of 1897, and have reached the conclusion that this act has changed the rule of law as announced in *Butler* v. *Townsend* (126 N. Y. 105) ; *McLaughlin* v. *Eidlitz* (*ante*, p. 518).

But, for the error in the charge, the judgment must be reversed and a new trial granted.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.