(59 App. Div. 239.)

### MOWBRAY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

1. STREET RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

The plaintiff was driving slowly on a street which crossed defendant's tracks. As plaintiff got within 8 or 10 feet of the first track, he saw a car coming rapidly, about 200 feet away. He kept on, and just as his horses reached the second track noticed that the car was approaching very fast on that track. He whipped up his horses to get across the track, but the hind wheels of the carriage were struck, and the plaintiff injured. *Held* not sufficient to show that the plaintiff was guilty of contributory negligence as a matter of law.

2. SAME—DAMAGES.

Where the negligence of a street-car company caused a man 50 years of age to receive permanent injuries, which grew progressively worse, and required the expenditure of $600 for physician's services, a verdict for $3,500 damages was not excessive.

Appeal from trial term, Kings county.

Action by Andrew Mowbray against the Brooklyn Heights Railroad Company. From a judgment in favor of the plaintiff, and from

an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.

Charles J. Patterson, for respondent.

WOODWARD, J. This is an action to recover damages for personal injuries, alleged to have been sustained through the negligence of the defendant. There was a conflict of evidence as to the circumstances surrounding the accident, but if we accept the statement most favorable to the plaintiff, who has the verdict of a jury, there can be no doubt of his right to recover. The accident occurred at the intersection of Fulton and Carlton avenues, in the borough of Brooklyn. The plaintiff was crossing Fulton avenue, driving a team attached to a light covered carriage. He was driving at a slow pace, described by the witnesses as a "jog," and, when within about 8 or 10 feet of the downtown track of the defendant's railroad, he looked to the westward, and saw defendant's car approaching at a rapid rate. It was at that time from 175 to 200 feet distant, and was approaching a crossing where the defendant owed the duty of having its car under control. The plaintiff continued on over the crossing. Just as his horses reached the uptown track he looked again. The car continued to approach, still traveling, as he says, very fast, upon the uptown track. At this point he reached for his whip, and struck the horses, for the purpose of getting out of the way; but he was a little too late, the defendant's car striking the rear wheel of the carriage, throwing the plaintiff out, and causing the injuries complained of in this action. It has never been held in this state, so far as we are aware, that it is negligent, as a matter of law, for a person driving upon the highways to attempt to cross in front of an advancing car under the circumstances described by the plaintiff and his witnesses, and it was therefore a question of fact to be determined by the jury. The rule of law was correctly stated by the court at trial term. There was no exception to the charge, and the verdict of the jury upon this point is conclusive. See Weidinger v. Railroad Co., 40 App. Div. 197, 57 N. Y. Supp. 851.

We are unable to concur in the suggestion that the damages awarded by the jury are excessive. The evidence warrants the conclusion that the plaintiff, a man about 50 years old at the time of the accident, has been permanently injured; that his condition has been growing progressively worse from the time of the accident. He has contracted doctor bills aggregating nearly $600, and a verdict for $3,500 is not so unreasonable as to warrant this court in interposing its judgment for that of the jury.

We do not discover that the defendant has any reason to complain of the ruling of the court in reference to the testimony of plaintiff's physicians as to his condition at the time of the trial. The motion to strike out was not proper at the time it was made, and subsequently one of plaintiff's physicians testified as to the nature and ex-

tent of the injuries received by the plaintiff in a subsequent accident. The trial court instructed the jury that they were not to take into consideration any injuries sustained by the plaintiff in the subsequent accident, and the evidence fully disclosed the condition of the plaintiff down to the time of the second accident. The trial appears to have been conducted with due regard to the rights of the defendant, and the judgment should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.