tion in value. Shall it be in August, 1899, when plaintiffs could have obtained their goods, or in June, 1900, when they were found to be spoiled? There can be but one recovery for this breach, and damages may be recovered to the day of trial. Wilcox v. Plummer, 4 Pet. 172, 7 L. Ed. 821; Behrmann v. Linde, 5 N. Y. Supp. 898. The condition of the property at the later date indicates exposure to recent moisture. If, therefore, the plaintiffs were exempted from the duty of taking their goods, or the defendant had presumptively neglected its contract duty to use reasonable care to preserve them, liability arises for their full value. It is not a case of loss by fire without fault, or of gradual deterioration by the wasting power of time, but of unexplained destruction by apparently negligent exposure. Hence, even if plaintiffs should have taken the goods by again sending a truck for them after they were found, the defendant is not exonerated from responsibility in allowing their utter loss.

It may also be doubted if the letter of August 8th, saying that plaintiffs did not want the goods, as it was too late, was a complete waiver of defendant's obligation to deliver the goods in August, 1899, when they were found. The plaintiffs had been to unusual trouble and expense to send to the wharf for them, and, when the defendant found it could deliver, it was time to restore the goods without further expense to plaintiffs. In fact, some of the burden of the previous efforts of plaintiffs might be justly charged to defendant. A trial of the issue had before August 8, 1899, would have resulted in a recovery for the full value. On August 2d some one at defendant's office had recognized its liability to pay for the goods, and the promise to pay therefor, though not forceful as an obligation, for want of proof of authority to make it, was made in defendant's name by some one in apparent power to search for and deliver the goods, and this might well excuse plaintiffs from again sending for the goods instead of the pay for them. Let judgment go for the full value as proven.

Judgment accordingly.

(63 App. Div. 311.)

IVEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. PERSONAL INJURIES—EXCESSIVE DAMAGES—APPEAL.
Where plaintiff, a woman about 31 years of age, in good health, and capable of earning her own living, sustained a fracture of three ribs on one side, and a contusion on her shoulder and head, from which she suffered continually to the time of trial, some 17 months after, and was short of breath and unable to work, and there was a general deterioration in her health, which her physician testified might result from her injuries, a verdict for $4,500 will not be set aside as excessive.

2. SAME—TRIAL.
After evidence of such injuries, and after the defendant had acquiesced in an instruction that plaintiff, if entitled to recover, was entitled to compensation for the pain she had suffered and the disability caused, it was not error for the court to refuse to recall the jury, to charge them that there was no evidence of permanent injuries.

Appeal from trial term, Kings county.

Action by Claudia Ivey against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and SEWELL, JJ.

C. C. Clark, for appellant.

S. S. Whitehouse, for respondent.

WOODWARD, J. The liability of the defendant is conceded on this appeal; the action being brought to recover damages for personal injuries; the points raised being that the verdict for $4,500 is excessive, and that the court erred in its refusal to charge as requested by the defendant. Not every verdict which awards a greater sum than this court, sitting as a jury, might think would compensate the plaintiff for the injuries received, is to be set aside, to be followed by a new trial; for this would be to usurp the prerogatives of the jury, and to deny to the plaintiff his rights. If the evidence supports the verdict; if there are facts and inferences to be determined from the evidence, as to which fair and reasonable minded men might disagree,—it is for the jury to fix the amount of the damages, and this determination will not be disturbed unless the amount is palpably unreasonable.

In the case now before us the evidence shows that the plaintiff, a married woman, about 31 years of age at the time of the accident, and in fairly good health, fully capable of earning her own livelihood, was thrown from a car of the defendant while in the act of alighting, sustaining a fracture of three of her ribs on the right side, and a contusion of the shoulder and head; that her ribs and head hurt her continually; that she "was quivering," and that this condition had continued up to the trial, some 17 months after the accident; that she had been getting weak; that she was unable to work, and had been obliged to depend upon her friends for support, her husband having died in the meantime; that she had tried to work, but had been obliged to give it up, the last effort being within five weeks of the trial; that whenever she tried to wash or sweep it cost her pain in her ribs and arm, and she got dizzy and had to give it up; that she has pains in her right side and shoulder, and it pains her on the right side to breathe; that she cannot take a long breath; that the breath is short; that she is nervous; and that there is a general deterioration in her health, which her physician testifies "might be the natural result of the injuries that she received." When we consider the fact that this woman is poor, she having resided in a single room with her invalid husband prior to his death, and having been accustomed to working out for a livelihood; when we consider that she is to-day only about 33 years of age, with an equal expectancy of life, and that she finds herself, 17 months after the accident, unable to take up the burdens of life, still suffering pain and inconvenience,—may it be said in fairness that the verdict is so far excessive that reasonable minded men, acting within the scope of their duty, might

not have reached the conclusion that the sum fixed upon was a just compensation for the loss which she has sustained? We think not.

After the court had charged the jury upon the question of negligence and contributory negligence, and had charged that, "if the plaintiff is entitled to a verdict, she is entitled to compensation for the pain she has suffered and the disability caused by the accident. It is for you to say what that is, and how much; and, if you find her entitled to a verdict, you must give her full compensation therefor,"—defendant's counsel took an exception to the use of the word "full," and the court modified the language by substituting "adequate." Defendant's counsel made several further requests to charge, which bring up no question here, and the jury retired. Subsequently defendant's counsel asked that the jury be recalled, and that the court charge "that there is no permanent injury in this case." This the court declined to do, stating, though not in the presence of the jury, that:

"I do not remember all the evidence. I do not remember whether there is any evidence of permanent injury or not, because I did not follow it very closely."

Plaintiff's counsel waived recalling the jury, and defendant was given an exception. While it is true that there was no opinion evidence elicited from the physicians that the injuries to the plaintiff were permanent, there was testimony that the plaintiff, 17 months after the accident, was suffering from the effects of the injury; and, the defendant having acquiesced in the measure of damages laid down by the court,—that the plaintiff, if entitled to recover, was "entitled to compensation for the pain she has suffered and the disability caused by the accident,"—it is hardly in a position to demand that the court should charge that "there is no permanent injury in this case." There was evidence of the plaintiff's disability down to the very day of the trial, 17 months after the accident; and this evidence warranted the jury in finding that the plaintiff had not fully recovered, and that she would suffer some inconvenience from it in the future, because 17 months after the accident she was unable, from the effects of this accident, to do the work which she had formerly done without inconvenience. Any physical disability or derangement directly caused by the accident is a proper element of damage. As there can be but one recovery, it may include damages not only for what has actually been suffered from the disabling effect of the injury down to the time of the trial, but also for such pain or inconvenience as is reasonably certain in the future. The prospective disablement may be inferred from the nature of the injury, or proved by the opinions of the experts. Ayres v. Railroad Co., 158 N. Y. 254, 263, 53 N. E. 22, and authorities there cited. The court had, we think, correctly stated the law of this case. It was not its province to state, as a matter of law, that "there is no permanent injury in this case," because it was for the jury to draw any inferences which the evidence might justify upon this point; and, the whole matter occurring after the jury had retired, there is no possibility that any prejudice resulted to the de-

fendant by the refusal of the court to charge, or by reason of the remarks made in connection with such refusal. The case of McAllister v. Ferguson, 50 App. Div. 529, 64 N. Y. Supp. 197, which the appellant regards as in point, has no bearing upon this question. In that case, when the matter of permanent injury was first brought to the attention of the court, it stated that it did not think that there was evidence of any permanent injury, but subsequently charged:

"I will simply state that, if you find there is any evidence of permanent injury, then you may compensate. It is for you to determine whether or not there is any such evidence in this case."

This was obviously error. There is always a preliminary question for the court to determine, and that is whether there is any evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof rests (Laidlaw v. Sage, 158 N. Y. 73, 96, 52 N. E. 679, 44 L. R. A. 216, and authorities there cited), and it can never be for the jury to determine whether or not such evidence is to be found in the case. The court in the case relied upon by the appellant recognizes this rule, for it says that:

"If there was no evidence of permanent injury, then there was no authority for the submission of such question to the jury, and a careful examination of the testimony shows that there was no basis for the charge," etc.

In the case at bar the evidence does disclose a state of facts from which the jury might infer that the plaintiff's disabilities would continue at least for some time to come, and the trial court would have erred in taking from the jury the consideration of the question, at least in the language suggested by counsel, without reserving to the plaintiff the question of the disabilities then existing, and the extent to which they might reasonably be expected to continue.

The judgment and order appealed from should be affirmed, with costs. All concur; HIRSCHBERG and SEWELL, JJ., in result.