(101 App. Div. 65)

### JOHNSON v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. STREET RAILROADS—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

A passenger, in alighting from a street car, is only bound to exercise due care under the circumstances, and the fact that he placed himself in a position of danger while exercising such care does not show contributory negligence, as a matter of law.

2. SAME—CONNECTING INJURY WITH ACCIDENT.

Evidence in an action against a street car company for injuries to a passenger considered, and *held* sufficient to present a question for the jury as to whether plaintiff's injuries resulted from the accident alleged to have been caused by defendant's negligence.

Appeal from City Court of Yonkers.

Action for personal injuries by Anna E. Johnson against the Yonkers Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

F. Angelo Gaynor (Bayard H. Ames, on the brief), for appellant.
John F. Brennan, for respondent.

JENKS, J. The action is for negligence. The plaintiff complains that while she, as a passenger on the defendant's electric street railroad, was seeking to alight from its car, she was thrown therefrom to the ground by the starting of the car. The defendant bases its appeal upon two rulings of the court upon its requests for charges to the jury. The first error assigned is the refusal to charge: "If the plaintiff knew at the time the bell was rung that the car was to start, and she was at that time in a position of safety and thereafter put herself in a position of danger, she contributed to the accident, and cannot recover." The learned court responded: "I decline to charge that. The testimony given here to-day does not present any such case." I am not impressed with the argument of the learned counsel for the appellant based upon the testimony of any of its witnesses as to this aspect of the case, save that of its witness Waldron. Waldron does give evidence permitting the inference that the plaintiff made a step in her act of alighting after the starting bell was rung. But in any event, the defendant was not right in this request, because it charges the plaintiff with contributory negligence if she put herself in a position of danger, and thereby holds her to an obligation not imposed by the law. She was but bound to exercise due care under the circumstances. If, exercising such care, she still put herself in a position of danger, she was not thereby precluded from recovery, forasmuch as a person who exercises due care cannot be negligent. In Palmer v. Dearing, 93 N. Y. 7, 10, the court say:

"While previous knowledge by a party injured of a dangerous situation or impending danger, from which a person of ordinary intelligence and prudence might reasonably apprehend injury, generally imposes upon him the duty of exercising greater care and caution in approaching it, yet the degree of care which should be required of such a person has uniformly been held in this state to be a question of fact to be determined by the jury. Bassett v. Fish, 75 N. Y. 304; Weed v. Village of Ballston Spa, 76 N. Y. 329; Niven v. City of Rochester, 76 N. Y. 619; Lanigan v. N. Y. Gaslight Co., 71 N. Y. 29."

Finch, J., in Hoag v. N. Y. C. & H. R. R. Co., 111 N. Y. 199, 203, 18 N. E. 648, 649, well says, "The degree of care to be exercised varies with circumstances and emergencies," but it is not the law that one who puts himself in a position of danger—who takes a risk—is thereby absolutely chargeable with negligence. See Rexter v. Starin, 73 N. Y. 601; Filer v. New York Central Railroad Co., 49 N. Y. 47, 10 Am. Rep. 327; Lanigan v. New York Gaslight Co., 71 N. Y. 29; Greany v. Long Island Railroad Co., 101 N. Y. 419, 5 N. E. 425; Clayards v. Dethick, 12 Q. B. 439; Penny v. Rochester Railway Co., 154 N. Y. 770, 49 N. E. 1101; Heffernan v. Barber's Son, 36 App. Div. 163, 55 N. Y. Supp. 814; Minshull v. Washburn, 89 App. Div. 633, 85 N. Y. Supp. 1138; Thompson's Commentaries on the Law of Negligence (2d Ed.) § 87; Shearman & Redfield on Negligence (5th Ed.) § 87. The request is open, perhaps, to the further criticism that the plaintiff

may have put herself in a position of danger, and yet not have contributed thereby to the accident.

The second error assigned is the refusal of the court to charge "that there is no evidence in this case to connect the lump, or bursitis, or whatever it is, on the left shoulder, with the accident." The court responded:

"Dr. Mooney says one thing, and Dr. Foy says another. My recollection is that the lump on the left shoulder was traced by Dr. Mooney to this accident, but I will leave that to the recollection of the jury."

The learned counsel for the defendant thereupon excepted to the refusal to charge as requested, and also to the modification made. This exception presents two features: First, whether there is any evidence to connect this particular injury with the accident; and, second, as to the comment of the court upon Dr. Mooney's testimony, and its disposition thereof. The plaintiff testifies that she was thrown from the car onto the asphalt pavement, that she was injured on her left arm, and that the fall hurt her left shoulder, and that a large lump first appeared there after the accident. Dr. Mooney, who was called in, and who in one place testifies that he thinks he attended on the morning after the accident, says that he found her suffering, among other ailments, from a contusion of the left shoulder, and complaining of much pain. He found a great swelling on the left shoulder, over the joint. The arm was swollen and puffed up, and there was discoloration, indicative of a hemorrhage under the skin. He saw a contusion on the left shoulder, and the tissues looked as if they had been bruised. He testifies that there is no bursitis. I think it cannot be said that there is no evidence to connect this injury with the accident. The question is also presented, if the court was justified in leaving to the jury the question whether Dr. Mooney traced the injury on the left shoulder to the accident, or, in other words, was there no testimony from Dr. Mooney that could be considered as tracing the injury to the accident? See Weidinger v. Third Avenue R. Co., 40 App. Div. 197, 57 N. Y. Supp. 851; McAllister v. Ferguson, 50 App. Div. 529, 64 N. Y. Supp. 197. I have already detailed a part of Dr. Mooney's testimony. I may add that he testified that he knew the plaintiff before the accident, from living in a flat house where she worked, taking care of the rooms of a bachelor, and furnishing meals to another inmate, and taking care of the apartment. He testifies that he had noticed whether she had full motion of her left arm, and that he thought her a smart woman, who did a great deal of work; but he goes no farther in this respect. He also testifies that after the accident her arm has become restricted, that she has not the normal use thereof, and that she employed a helper. It is true, he does not testify in so many words that the injury to the arm was the direct consequence of the fall, but it does not appear that he was asked that question. I think, however, that where a physician, who has known his patient before the accident, with frequent opportunity to observe her, testifies that before he was called in he noticed that she was active and capable of much work, and then testifies that when called in he found her suffering from a contusion of the left shoulder and a great swelling thereon, complaining of pain, the arm

discolored as if from hemorrhage, the tissues having a bruised appearance, and testifies that the ailment is not bursitis, he cannot be said to have given no testimony for a jury to consider as to whether he traced that injury to a severe fall but a day, or at most a few days, before, because he was not asked and did not testify whether such injury, in his opinion, did result or could have resulted from the accident. The learned counsel for the appellant makes much of a statement of the witness on cross-examination, that: "If the lady fell off the car on her right side, I do not know how she could get a contusion on the left shoulder. That's something I don't understand." The doctor was not an eyewitness to the accident, and therefore this statement is based upon a supposition. But the evidence did not conclusively establish that the plaintiff fell on her right side. She says that when she fell she hurt her neck, her arm, her head, her shoulder, and her right side, and her left shoulder. On cross-examination she was asked: "Q. When you fell, how did you fall? A. I couldn't tell you." The record, in narrative form, then reads: "I know I was thrown down and hurt. It seems I fell over this way. I was covered with dirt from my head clean down to my feet. My right side struck the ground." The witness Skiff, who alighted from the car at the same time, and who caught his wife as she left the step, testifies: "The lady behind her [i. e., the plaintiff] fell off full length on her face." I think that the jury were not bound to infer that the plaintiff fell off on her right side. It may be noted that this statement of Dr. Mooney is so pregnant as to be capable of construction that in his opinion the injury to the left shoulder could have been occasioned by the accident if she did not fall on her right side.

I think that the judgment and order should be affirmed, with costs. All concur.