(110 App. Div. 665.)

## SALLIE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. DEATH—ACTION FOR CAUSING DEATH—CAUSE OF DEATH—SUFFICIENCY ·OF EVIDENCE.

In an action for causing death, the evidence showed that decedent before the accident was in perfect health, that his injuries consisted of a fractured rib and a severe bruise on the left side, that he gradually grew worse and at the end of the second week pleurisy developed in the region of the fractured rib, that shortly thereafter a tubercular condition of the left lung was discovered and death resulted therefrom in about 9 weeks after the injury. *Held* to warrant a finding that the injury ʼnegligently inflicted was the direct cause of death.

2. PROXIMATE CAUSE OF DISEASE—EVIDENCE—QUESTION FOR JURY.

Where there is evidence from which a jury may find an unbroken connection and continuous operation between a disease and an injury negligently, inflicted, it is for the jury to determine whether the negligence causing the injury is the proximate cause of the disease, and if they find it is, a recovery of the damages sustained in consequence of the disease may be had.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 54.]

Appeal from Trial Term, New York County.

Action by Marcella Sallie as administrator against the New York City Railway Company. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Daniel F. Kely, for appellant.
Bayard H. Ames, for respondent.

McLAUGHLIN, J. On the 22d of September, 1904, the plaintiff's intestate was a passenger on one of the defendant's cars, and after it had come to a stop, for the purpose of permitting him to, and while he was in the act of getting off, it was suddenly started, and he was thrown to the ground and seriously injured. He was rendered unconscious and remained so for a few minutes, but finally recovered sufficiently to be taken to his home where he was put in bed, and remained there until the 27th of November following when he died. On the morning following the accident his family physician, Dr. Hayland, was called, and he testified that when he first saw him he was suffering from physical shock, and what he believed was a fracture of the sixth rib as well as a severe bruise on the left side; that he attended him constantly from that time until death occurred and from the very first he grew weaker from day to day, and at the end of the second week pleurisy developed on the left side in the region of the sixth rib, which progressed rapidly and between the third and fourth weeks he observed symptoms of tuberculosis of the left lung, which also developed rapidly until the intestate died. He further testified that he could state, with reasonable certainty from the examination which he made, that the pleurisy followed as a natural consequence from the injury and shock and the tuberculosis from the pleurisy. Another physician, Dr. Jackson, testified that shortly before the intestate died he was called in consultation with Dr. Manly (who had since died)

and Dr. Hyland, and that he found there had been a fracture of the sixth rib; that on the left side over the sixth rib there was a pleurisy or what he termed a "disseminated pleurisy" and on the upper part of the lobe of the left lung a large cavity showing tubercular deposit. He was then asked, assuming all the facts which had been proved as to the accident and the subsequent condition of the intestate to the time he examined him, if he could state with reasonable certainty whether the condition in which he found him was due to the injuries he received at the time he was thrown from the car, and he answered that he could. Then he was asked to state whether that condition was due to the injuries, and he stated that it was. There was testimony of other witnesses to the effect that the intestate, for many years immediately prior to the time he was injured, had been in good health. At the close of plaintiff's case, the defendant moved to dismiss the complaint, upon the ground among others, that the plaintiff had failed to show that the injury which the intestate received was the proximate cause of death, or that it was the producing cause of the tuberculosis which caused the death. The motion was granted and plaintiff excepted. Judgment was subsequently entered dismissing the complaint, from which the plaintiff appeals.

In determining whether error were committed by the trial court in thus dismissing the complaint, the appellant is entitled to the most favorable inferences deducible from the evidence and all disputed facts are to be treated as established in her favor. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282. When the evidence is thus construed, it seems to me clear that the plaintiff made a case entitling her to go to the jury, inasmuch as it might have found the injury which the intestate received when he was thrown from the car was the proximate cause of his death. A proximate cause is an efficient cause. It is the one, the connection between which and the effect is plain and intelligible. Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216. In this case it is the one which caused the death or necessarily set in motion other causes which resulted in death. Turner v. Nassau Electric Ry. Co., 41 App. Div. 213, 58 N. Y. Supp. 490. Here, as indicated, the evidence tended to show that the intestate, before he was thrown from the car, was in perfect health; that when he was thrown from the car one of his ribs was fractured, and he was injured in other respects; that he was immediately taken to his home and put in bed; that he gradually grew worse from day to day, and, at the end of the second week, pleurisy developed in the region of the fractured rib; that the pleurisy progressed rapidly, and shortly thereafter a tubercular condition of the left lung was discovered, which also progressed so rapidly that the injured person died about nine weeks after he was injured. These facts being established, the jury might have found that the injury was the direct cause of the tuberculosis, and this whether the tuberculosis were brought about by the pleurisy or from the weakened condition of the intestate which permitted the tubercular germs to develop. If it be conceded, as contended by the respondent that tuberculosis is a germ disease, and that the germs must enter by the mouth, this would not deprive the plaintiff of a recovery, if the germs would not have developed, except for the

weakened condition of the intestate caused by the injury received through the wrongful act of the defendant.

The question here presented is much like that presented in Hurley v. New York & Brooklyn Brewing Co., 13 App. Div. 167, 43 N. Y. Supp. 259. There, plaintiff's intestate was struck on the left side by the pole of a truck. The only immediate effect discoverable was a redness of the skin extending from the lower rib to the shoulder blade. Three days later, however, she complained of pains along the ribs of the left side and on examination her physician detected pleurisy and a few days later an adhesion due to the pleurisy. This condition continued until symptoms of tuberculosis appeared, from which she died 10 months after the injury. It was held that upon these facts a jury might have found the injury to the side was the proximate cause of death. Purcell v. Lauer, 14 App. Div. 33, 43 N. Y. Supp. 988, is also in point. There, plaintiff's intestate was tripped by a cable wire, and both knees and her spine were injured. An abscess subsequently formed under one knee and blood poisoning occurred; she suffered from an intermittent fever and finally died, about a year and four months later from inflammation of the stomach, which, according to plaintiff's evidence was the result of the injury to the knee and spine. It was held that it was for the jury to determine whether the injury were the proximate cause of death. In Wood v. N. Y. C. & H. R. R. Co., 83 App. Div. 604, 82 N. Y. Supp. 160; affirmed 179 N. Y. 557, 71 N. E. 1142, the plaintiff was driving in a buggy across defendant's tracks at a highway crossing, where the view of an approaching train was obstructed, when an engine, which had given no signal of its approach, suddenly appeared. The horse gave a sudden spring, which threw the plaintiff against the seat of the buggy with such violence as to break it. Immediately following, the plaintiff spit blood freely, and the hemorrhage continued until after he reached home. His condition from that time on grew steadily worse, and at the time of the trial, and for some time prior thereto, he had been suffering from tuberculosis. Testimony was offered to the effect that the tuberculosis was due to the muscular strain to which plaintiff had been subjected, and the severe shock he received when thrown against the seat. It was held that it was for the jury to say whether the tuberculosis were caused by the shock and strain, and that the court erred in dismissing the complaint. See, also, Johnson v. Yonkers Railroad Co., 101 App. Div. 65, 91 N. Y. Supp. 508.

These authorities and others which might be cited are to the effect that if there is evidence from which the jury may find an unbroken connection and continuous operation between a disease, no matter what, and the injury, then it is for them to say whether the wrongful act which caused the injury is the proximate cause of the disease. If they find it is, then plaintiff is entitled to recover such damages as may have been sustained. Ehrgott v. The Mayor, 96 N. Y. 264, 48 Am. Rep. 622; Eichholz v. Niagara Falls H. P. & M. Co., 68 App. Div. 441, 73 N. Y. Supp. 842, affirmed 174 N. Y. 519, 66 N. E. 1107. There must, however, be satisfactory evidence justifying such a finding. The matter cannot be left to conjecture or speculation. There must be an unbroken connection between the injury and the disease. The evi-

dence here, as already said, would have justified a finding that there was such unbroken connection between the disease, which caused the death of the intestate, and the injury to his rib, and therefore the court erred in dismissing the complaint, for which reason there must be a new trial.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.