Morschauser, J.
The above-named claimant filed a claim and a notice of intention, the claim being filed June 11, 1919, and the notice of intention August 20, 1918, alleging that through the negligence of the state caused by the overflow of the Mohawk river and its tributaries, which occurred on February 20 and 21, *326 1918, the premises wherein the parents of the said Florence Potorik resided, No. 18 North street, in the city and county of Schenectady, were flooded and that by reason thereof an infant, the claimant’s intestate, being a little girl of about five months of age, became sick and died, alleging the cause of death to be lobar-pneumonia. The evidence produced upon the trial established the fact that the flood occurred through the negligence of the state arising out of the construction and maintenance of the Barge canal; that the cellar of the dwelling of the parents of the deceased was flooded and the first floor was covered with water about ten inches above the floor; that the water receded from the first floor of the dwelling shortly after it occurred, and that the parents of the claimant’s intestate and the intestate moved from the first floor to the second floor of the dwelling. The claimant’s intestate was a little girl- about five months of age. About two weeks after the flood in March, 1918, the child became ill and a physician was called, who found her suffering from bronchitis. Later, about April, a physician was called again and the child was then found to be suffering from pneumonia. The child died afflicted with lobar-pneumonia April 5,1918.
The claimant now makes a claim alleging that the death of the child was caused by the flood and filed a claim for $5,000 damages against the state.
While it is a well-settled rule of law that a wrongdoer is responsible for the natural and proximate consequence of his misconduct and also such as might reasonably be supposed to have been apprehended, a wrongdoer is not liable for a remote cause and he is only liable when the injury resulting follows in direct-sequence without the intervention of a voluntary independent cause.
In Hoey v. Metropolitan St. R. Co., 70 App. Div. *327 60, it was held that where the plaintiff’s intestate was injured by the negligence of the defendant and he thereafter developed a progressive muscular atrophy but that the immediate cause of death was acute pulmonary tuberculosis, a germ disease, in no way connected with the accident, nor shown to have resulted from the progressive muscular atrophy, a finding that the acute pulmonary tuberculosis resulted in connection will not be sustained, upon the theory unsupported by any evidence that the intestate was so weakened by his injuries that the progressive muscular atrophy resulting therefrom made him susceptible to tuberculosis and that by reason thereof he contracted the latter disease.
In Sallie v. New York City R. Co., 110 App. Div. 665, it was held that where the plaintiff’s intestate, who was in previous good health, was injured by the sudden starting of a car, was rendered unconscious by the fall, had a rib fractured, and received other injuries from which he grew weaker daily until at the end of the second week pleurisy set in, followed by tuberculosis, from which the intestate died within nine weeks from the injury, and there is expert testimony that these ailments followed as a natural consequence of the injury, it was for the jury to say whether the death resulted from the injury, and it was further held that though a germ causing a disease like tuberculosis must enter through the mouth, that fact will not bar a recovery if such germ would not have developed but for a weakened condition resulting from an injury caused by the wrongful act of the defendant.
Similar decisions hold substantially that where an injury is received through the negligence of another and the injury so debilitated the injured person that he became afflicted with a germ disease, the defend *328 ant would be liable. Hurley v. New York & Brooklyn Brewing Co., 13 App. Div. 167; Purcell v. Lauer, 14 id. 33; Wood v. New York Central & H. R. R. R. Co., 83 id. 604; affd., 179 N. Y. 557.
In all of these cases the person injured was injured by a blow or direct injury to the person, and evidence was given to show that the result of such injury so weakened such person that a germ disease developed as a natural sequence of the- injury. Where a claim is made that the disease which a person contracts after an injury is the result of negligence, the facts establishing such a claim cannot be left to conjecture, guess or speculation. There must be some evidence connecting the disease with the injury.
In the case on trial there was no evidence which would justify the finding that the infant contracted bronchitis by reason of any condition of the premises flooded by the state. There was some evidence showing that the bronchitis so debilitated the child that in its weakened condition it contracted pneumonia from a pneumonia germ, but there is no evidence in the case which would justify the court in finding that the pneumonia which the child contracted was the direct result of the flooding of its parents’ premises. The evidence falls far short of connecting the illness of the child having bronchitis with the flooding upon the premises of its parents. There are many conditions, especially in this climate, in the months of January, February and March, that may produce and do produce bronchial trouble, pneumonia and other similar diseases, and they are found amongst various classes of people and under various conditions, and we cannot say from the evidence that the flooding of this dwelling was the cause of the child’s illness, and there is no direct evidence to justify such a finding and no evidence from which an inference can reasonably be drawn to estab *329 lish the fact that the bronchitis from which the child was suffering was in any way attributable to the flood.
The case at bar is somewhat similar in principle to the case recently decided by the Court of Appeals in Matter of Eldridge v. Endicott, Johnson & Co., 228 N. Y. 21.
The claim should, therefore, be dismissed.
Ackerson, P. J., concurs.
Claim dismissed.